WILLIAM H. HATTO and wife v. JOAB M. BROOKS, Admr., &c.

1. CIRCUIT COURT: SPECIAL TERM.—No disposition can be made of a civil cause at a special term of a Circuit Court, which would have been irregular and improper if made at the preceding regular term; and hence, where the declaration in an action of replevin was not filed at the regular term, it will be improper to take judgment by default at the succeeding special term.
2. HIGH COURT: PRACTICE: WRIT OF ERROR.—Upon a petition for a reargument of a cause in this court, it will be too late to make the objection for the first time, that the writ of error had been issued without authority of law, on the ground that a forthcoming bond had been taken and forfeited previous to the issuance of the writ. In such a case, the objection should have been made by plea before the submission of the cause.

IN error from the Circuit Court of Rankin county. Hon. John E. McNair, judge.

This was an action of replevin, instituted by J. M. Brooks, administrator of C. J. Carraway, against William H. Hatto and wife, in the Circuit Court of Rankin county, for the recovery of five slaves, to the possession of which he alleged, in his affidavit, he was entitled as administrator as aforesaid.

Suit was instituted at the November Term, A. D. 1854, and process served upon the defendants; but no declaration was filed at that term. The court not having been holden at the regular term, a special term was held in February, A. D. 1855, at which time the plaintiff recovered judgment, by default, against the defendants, for the slaves and costs. Plaintiff was in possession of the negroes at the time of the rendition of the judgment, which fact the judgment recites. On the 30th day of June, A. D. 1855, execution was issued, levied, and forthcoming bond taken, which was forfeited, 20th day of October, A. D. 1856. The record recites, that on the 10th day of February, A. D. 1856, a petition for a writ of error was filed, and on the same day a writ of error bond executed, which bond is dated the 10th day of February, A. D. 1857.

*Freeman & Dixon,* for plaintiffs in error.

*Harper & Mayes,* for defendants in error.

FISHER, J., delivered the opinion of the court.

This was an action of replevin, brought by the plaintiffs below, to the November Term, 1854, of the Circuit Court of Rankin county.

It appears that no declaration was filed at the return term of the writ, but that the declaration was filed at the February Special Term, 1855, when the plaintiff took his judgment by default; and it is now insisted as error, that the plaintiff having failed to file his declaration at the regular term of the court, he could not file it and take his judgment by default at the special term. In order to authorize a judgment by default at the special term of the court, it should have appeared that the defendant was in default in entering his appearance at the preceding regular term of the court; and he could not be said to have been in default in pleading when the declaration was not filed. If he was in no default in pleading to the action at the regular term, he could not be in default in appearing at the special term, for the reason, that a cause not in a condition, for want of proper pleadings, for trial at the regular term, could not be tried at the special term, which was intended to dispose of such business only, on the civil docket, as could have been tried at the regular term of the court, if it had been holden.

Under this view of the law, we are compelled to reverse the judgment.

Judgment reversed, and cause remanded.

Afterwards, a petition for reargument was filed, and granted; and on reargument,

FISHER, J., delivered the opinion of the court.

It is said by the counsel for the defendant in error, that an execution was issued upon the judgment levied, a forthcoming bond taken, and returned forfeited, and that an execution was issued upon the forfeited bond, and returned satisfied, before the writ of error in this case was issued, and for this cause we are asked to affirm the judgment of the court below.

If these facts be true, they should have been pleaded at the pro-

per time.   It is now too late, after the cause has been decided, to make this defence for the first time, by a petition for a reargument, especially as the facts do not appear by the record brought before us by the writ of error.

We therefore adhere to our opinion reversing the judgment.