## MARY B. LONG v. STATE OF MISSISSIPPI.

### [48 South. 726.]

**CRIMINAL LAW.** *Continuance. Absence of defendant.*

> A judgment of the circuit court in a criminal case dismissing an appeal from a justice's court, because of defendant's absence, is erroneous where she departed from the court upon the case being continued for the term, and her counsel had been unable after reasonable efforts to advise her of a subsequent order setting aside the continuance.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Mary Belle Long, appellant, was convicted before a justice of the peace for unlawfully selling cocaine and appealed to the circuit court. From the judgment of the circuit court dismissing her appeal to that court she appealed to the supreme court. The opinion of the court states the facts.

*Holmes & Holmes*, for appellant.

There was a clear understanding between counsel for appellant and the learned district attorney that for good reasons the appellant's case should be continued. The learned judge of the court below was informed of the agreement, and practically

consented to it. The reasons why the district attorney agreed to the continuance are now immaterial. It is sufficient to quote from the statement made by the learned trial judge of the court below: "There has been no kind of misrepresentation in this respect." The district attorney also says: "My recollection is that the conversation as to continuance took place between counsel for defendant and myself exactly as the counsel for defendant has stated it." Now, we concede that if the appellant had failed to appear in the circuit court, it could have tried her case *de novo* in her absence, or have dismissed her appeal and directed a writ of *procedendo* to the justice of the peace court, or entered a forfeiture on her bond. *Thomas v. State,* 68 Miss. 91, 8 South. 647; *Henning v. State,* 69 Miss. 214, 12 South. 559; *Ex parte Caldwell,* 62 Miss. 774. But there was no abandonment of the appeal in this case. There was no failure to prosecute it. There was no default of any kind upon appellant's part. No claim can be made that appellant's attorneys were not diligent in her behalf.

*George Butler,* assistant attorney-general, for appellee.

The only question for consideration here is whether or not there has been an abuse of a sound judicial discretion on the part of the court below such as will warrant interference by this court.

Notice to appellant's counsel was notice to her. Her father lived near Pocahontas in a neighboring county. Her counsel knew she was at Pocahontas on Monday preceding the dismissal of the cause on Friday. It is a matter for this court to determine whether appellant failed to obtain her full rights in the court below. *Belew v. State,* 47 South. 862; *Roberts v. Port Gibson,* 89 Miss. 75, 42 South. 540.

FLETCHER, J., delivered the opinion of the court.

This case originated in the court of a justice of the peace and was appealed to the circuit court. In that court it was agreed

between the district attorney and the counsel for the defendant that the case should be continued.    This agreement was reported to the circuit judge, who made an entry to that effect on the trial docket.    Thereupon the defendant was notified by her attorney that she could go home, and that she would not be needed until the next term of court, and the witnesses were discharged.    It seems that the district attorney, in making this agreement, acted under a misapprehension as to the attitude of counsel.    The circuit judge, for reasons satisfactory to himself, set aside the order of continuance within two hours after it was made, and promptly notified defendant's counsel that the case would be tried at that term of court.    It appears that the attorneys made a reasonable effort to get word to their client, but failed to do so, and on the last day of the term, some week and a half after the order of continuance was set aside, appellant's case was called, the appeal dismissed, and a writ of *procedendo* issued to the justice's court.

We are not able to resist the conclusion that injustice was done the appellant by this proceeding.    Her attorneys show that they were unfamiliar with her place of residence, and both the mails and the telephone were employed in a vain effort to get into communication with her.    We think the justice of the cause demands that the case be reinstated and tried on its merits.

*Reversed and remanded.*