JACOB M. DEVELLING V. STATE OF MISSISSIPPI.

[52 South. 484.]

CRIMINAL LAW AND PROCEDURE.  *Appeal to circuit court.  Dismissal..
Absence of defendant.  Misleading information.*

The dismissal of an appeal to the circuit court in a criminal case
on preliminary call of the docket, because of defendant's absence,
should be set aside on motion made before the regular call of the
docket, when it appears that he was absent because he had been
unintentionally misled by his counsel and informed by him that
the case would not be tried until a later day of the term.

FROM the circuit court of Madison county.

HON. WILEY H. POTTER, Judge.

Develling, appellant, was tried and convicted before a jus-
tice of the peace of unlawfully selling cocaine, and appealed to
the circuit court.  From a judgment of the circuit court dis-
missing his appeal and awarding a writ of *procedendo,* he ap-
pealed to the supreme court.

The judgment of the court below was affirmed by the su-
preme court, without written opinion, but subsequently, a sug-
gestion of error was sustained and other proceedings ordered as
set forth in the opinion.

*E. B. Harrell,* for appellant.

The record shows that Develling was present in court on the
first day of the term, that he presumed that his case would be
called on that day, not knowing that the criminal business of
the court would not be transacted until the second week of the
court.   He was not seeking for a delay of his case, he was
ready and anxious for a trial.   It was only after he had been
advised by both of his attorneys of record that he would be no-
tified when his case would be called, that he left for his home.

This advice was given him in good faith, as his counsel believed that a particular day could, according to custom, be arranged for some day during the week when the criminal cases were to be tried, when appellant might appear and stand trial.

It is true that a defendant in a criminal case cannot usually take advantage of the fact that his attorney is a member of the state legislature and absent from court because of the session of the legislature; but it is also true that it has for a long time been the custom in the circuit court of Madison county that the district attorneys would not press for immediate trial in those criminal actions wherein an attorney, also a member of the legislature, represents the accused and is absent from the court on his business in the legislature, and without prejudice to the suit, a date can be easily arranged during the term for the trial.

It has also been the custom of the circuit court of Madison county to sound the docket on the first day of the term, and to allow the attorneys, with the consent of the district attorney, to set the different cases for particular dates in order to dispatch business and save time and trouble.

After the docket was sounded, a peremptory call of cases for trial was begun and a case far ahead of that against Develling on the calendar or the docket of the court was taken up, consuming the balance of the first day of the court. Develling was in court all of the afternoon of the first day of the week of criminal court, was ready for trial and made proper application for the court to set aside its order of dismissal entered that morning and to give him a hearing. The court will also bear in mind that when the case against Develling was called, in sounding the docket, counsel for Develling were present and made objection to the dismissal of the appeal, asking that the case be passed for a short time.

We do not understand Code of 1906, § 1495, as giving a circuit court absolute power to dismiss suits to the prejudice

of the defendant, although the court may in its discretion order that the trial of a misdemeanor be taken up and proceeded with in his absence.

*H. B. Greaves,* on the same side.

In the case of *Casey v. State,* 96 Miss. 427, 50 South. 978, where the defendant requested that his case be set over for a few days or continued to another term of the court, and such request was refused by the trial court, WHITFIELD, C. J., in reversing the judgment of the lower court, said: "Undoubtedly under the showing in the record this case involving the life of appellant should have been postponed until Monday from late Saturday afternoon." See also *Long v. State,* 94 Miss. 230, 48 South. 726; also *Wilson v. Handsboro,* 96 Miss. 376, 50 South. 982.

It is to be observed that the case against Develling was never called for trial. It was called simply in sounding the docket. Even if Develling had been in court when the case was called, the case against him could not then have been tried, but must necessarily have been passed on the docket to be called in its regular turn when the cases should be called peremptorily for trial. The record shows that no case was taken up for regular trial before five o'clock of the afternoon.

The charge against Develling was a misdemeanor and the law provides that one charged with a misdemeanor can be tried in his absence.

In justice to appellant, since appellant's counsel was present in court and objected to a dismissal of the appeal, the state should have been required to try the case against Develling rather than that the court should arbitrarily dismiss the appeal.

The very fact that appellant had retained counsel to appear for him in court shows that appellant did not ignore the court or his appeal and it is undisputed that appellant promptly appeared in court just as quickly as he could reach the court on the first train coming from his home in Ridgeland.

*James R. McDowell,* assistant attorney-general, for appellee.

The question for the court to decide is simply this: did the trial court abuse the discretion given it by law in dismissing the appeal and ordering a writ of *procedendo,* in the absence of the defendant? The trial court is given this discretion by Code 1906, §§ 87 and 1495, and unless it is manifest from the record that the court abused it or that some great injury will be done the defendant, the judgment should be affirmed.

There is no evidence in the record touching the guilt or innocence of the defendant, hence this appellate court can not inquire into the correctness of the conviction. Whether appellant would be again convicted in the circuit court is a matter of conjecture. If an injury has been done him it is the fault either of himself or his counsel. He has had an opportunity for trial, his counsel took the responsibility of advising appellant that he would let appellant know later when to appear, and then failed to tell appellant that he should appear when the docket was called on the second Monday of the term. The appellant was charged with the knowledge that when his case should be called for trial if he did not then appear, his bond would be forfeited. It seems from the record that it is highly probable that appellant was playing for delay. Certainly appellant could not take advantage of the fact that his attorney was a member of the state legislature and could not be present to aid appellant for the obvious reason that such attorney was actually present and stood ready to defend him on the charge against him.

Opposing counsel cite two cases: *Casey v. State,* 96 Miss. 427, 50 South. 978 and *Wilson v. Handsboro,* 96 Miss. 376, 50 South. 982. Neither of these cases is in point, as the court will see by reading them. In the *Casey case* the defendant was in court ready for trial; a material witness failed to appear, the sheriff was sent after her and found her sick in bed, but forced her to get up and attend the trial but she was so hysterical that she could not testify; and in that case the court refused to pass the case

over to the same afternoon but forced the defendant to trial. No such case is here presented. In the *Wilson case,* the defendant's case was never called for trial but his appeal was dismissed and a writ of *procedendo* issued, without giving the defendant an opportunity to be heard. We submit that this case is not in point. See *White v. State,* 89 Miss. 675.

Argued orally by *E. B. Harrell,* and *H. B. Greaves,* for appellant, and by *Jas. R. McDowell,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

The appellant was convicted in a court of a justice of the peace for selling cocaine, and sentenced to pay a fine of $500 and to serve a term of six months in the county jail, from which an appeal was taken to the circuit court. On the preliminary call of the docket he failed to respond when his case was reached, and thereupon, on motion of the district attorney, his appeal was dismissed, with a writ of *procedendo.* His counsel, who had appeared for him and requested that his case be passed, thereupon notified him by telephone of the action which had been taken in the matter, and he immediately went to the courthouse, arriving there as early as possible after receiving the notice, and before the preliminary call of the docket had been concluded, and before any case had been taken up for trial. He thereupon filed a motion requesting the court to set aside the dismissal of his appeal, and to reinstate the cause on the docket, which motion was overruled; hence this appeal.

It appears that appellant's counsel was a member of the state senate, which was then in session at Jackson; that, several days prior to the one on which the criminal docket was called, his counsel advised him that it would be impossible for him (counsel) to remain in Canton, the place of trial, waiting for this case to be tried, as he would have to be in attendance upon the senate;

that he would get the case continued or set for a day certain, and in the last-named event would notify him what day the case would be tried. This his counsel failed to do, resulting in his being absent at the call of the docket. Counsel stated that he had been unable to make any agreement with the district attorney, and that he had no opportunity of presenting the matter to the court until the case was called, having been absent most of the time at Jackson. In so advising his client, counsel seems to have acted upon an impression which he had that indulgences of this character were always extended by the court to members of the state legislature while that body was in session.

Appellant ought to have been in attendance upon the court; but he seems to have acted in perfect good faith, believing that his counsel, by reason of being a member of the state senate, which was then in session, had the right to have his cases set for a day certain. This being true, and as he arrived in the courtroom before the preliminary call of the docket had been completed, and before any case had been taken up for trial, his motion to reinstate the cause ought to have been sustained. The case is not free from difficulty, for ordinarily, when a defendant in a criminal cause fails to respond when called in court, the proper course to pursue is either to take a forfeiture upon his bond, or, if his case is on appeal, to dismiss same with a writ of *procedendo;* and a forfeiture or *procedendo,* when taken, ought not to be set aside, unless it is clear that the defendant was not in fault.

The suggestion of error is sustained, the judgment heretofore entered is vacated, the judgment of the court below reversed, and the cause remanded.          *Reversed.*