CANNON *v.* STATE.[*]

(Division A.    May 23, 1924.)

[100 So. 8.    No. 24254.]

CRIMINAL LAW.    *Dismissal of appeal to circuit court on failure of defendant and his attorney to appear and refusal of motion to reinstate held error.*

Where a defendant was convicted of a misdemeanor in the court of a justice of the peace and appealed to the circuit court, where

the law provides for a trial *de novo*, it was error to dismiss the appeal and order a *procedendo*, and refuse to reinstate on timely motion, where it was shown that although defendant and his attorney, were absent at the time of dismissal, such absence was not the result of neglect or willfulness on their part, and both appeared in court only a few minutes after such dismissal and entered said motion to reinstate.

*Headnote 1. Criminal Law, 16 C. J., section 685.

APPEAL from circuit court of Itawamba county.

HON. C. P. LONG, Judge.

Vardie Cannon was convicted before a justice of the peace of misdemeanors and appealed to the circuit court. From judgments dismissing appeals and ordering *procedendo,* he appeals. Reversed and remanded.

*Mitchell & Clayton,* for appellant.

*E. C. Sharp,* Assistant Attorney.-General, for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant, Vardie Cannon, was tried and convicted before a justice of the peace of Itawamba county of several misdemeanors for which he was fined and sentenced to imprisonment. From these judgments he appealed to the circuit court of that county, which court dismissed said appeals and ordered *procedendo* in each of said cases, from which judgments appellant prosecutes this appeal.

The proceedings in all of these cases are embodied in one record, and in view of the fact that the propriety of the action of the circuit court in dismissing said appeals depends in each case upon exactly the same state of facts, all the appeals will be disposed of in one opinion.

The only question is whether or not the circuit court erred in dismissing aid appeals. Th assistant attorney-general in his brief states the facts as strongly for the state as the record will justify. His statement is as follows:

''The circuit court began the call of the criminal docket at 8:30 a. m. by the judge's watch. When these cases were called, neither the appellant nor his attorney answered, and the appeals were dismissed. Before the sounding of the docket had been concluded, appellant's attorneys appeared, and within five minutes thereafter appellant appeared in person. It is not exactly clear whether appellant arrived before the court concluded the call of the docket or not, but such is the impression gained by a reading of the record. At any rate no cases. had been called for trial before a motion to reinstate was presented to the court, the motion being presented at 9:05 a. m., exactly thirty-five minutes after the court convened. There was a difference of about ten minutes between the watch of the judge and that of counsel for appellant. We express no opinion as to which was correct for each swears by his own, but will assume that the timepiece of the judge was right.''

For reversal appellant relies on *Morris v. City of Tupelo,* 129 Miss. 887, 93 So. 433.

We are of opinion that the Morris Case is controlling in favor of appellant's contention.

*Reversed and remanded.*