GORTNEY *v.* CITY OF NEW ALBANY.

(Division A.   Feb. 4, 1935.)

[158 So. 921.   No. 31583.]

**J. W. P. Boggan,** of Tupelo, for appellant.

**Cook, J.**, delivered the opinion of the court.

Appellant was convicted in the municipal court of the city of New Albany on the 30th day of August, 1934, and on the same day he perfected an appeal to the next term of the circuit court by filing a proper bond conditioned to require his appearance at the next term of the circuit court of Union county, to be held on the fourth Monday of January, 1935. On October 3, 1934, in pursuance of a proper order of the circuit judge, a special term of the circuit court of Union county was convened, and on that day, upon the failure of the appellant to appear, an order was entered dismissing his appeal and directing the issuance of a writ of procedendo to the lower court; and from this judgment an appeal to this court was prosecuted.

The appellant's contention here is that, since his appeal bond was returnable to the next regular term of the circuit court to be held on the fourth Monday of January, 1935, and was conditioned for his appearance at that term, the cause was not triable at a special term convened before that date, and that, consequently, the court was without authority to dismiss the appeal at such special term.

It has been frequently held by this court that a civil case is not triable at a special term of the court, unless it was triable at the preceding regular term. Commercial Bank v. Galloway, 6 How. 515; Hatto v. Brooks, 33 Miss. 575; Williams Bros. v. Bank, 132 Miss. 178, 95 So. 843. But we know of no case which has expressly decided the point in reference to criminal appeals from the court of a justice of the peace.

Section. 68, Code 1930, provides that appeals from a conviction of a criminal offense in a justice or police court may be taken by the execution of a proper bond "conditioned to appear before the circuit court at the next term after such appeal shall be taken, to answer to the charge against him, and so to continue until discharged;" and the bond in the case at bar was so conditioned. The provision of this statute requiring the appearance of an appellant "at the next term after such appeal shall be taken" necessarily means that the bond shall be conditioned for the appearance of the appellant at the next regular term then fixed by law, or a special term already called and fixed by order of the circuit judge. If, at the time an appeal is perfected, no special term of the court has been ordered, the appeal must necessarily be returnable to the next regular term as fixed by law, and when the return day of an appeal has been so fixed, the appellant and his bondsmen cannot be adjudged in default for their failure to appear at a special term held prior to the next regular term. Consequently, the judgment of the court below dismissing the appeal at the special term will be reversed and the cause remanded.

Reversed and remanded.