McGowan *v.* State.

(Division B. Feb. 7, 1938.)

[178 So. 594. No. 32953.]

G. L. Martin, of Prentiss, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted in a justice of the peace court of the unlawful sale of intoxicating liquor, and took an appeal to the circuit court. On the day set for the calling of the criminal docket in the circuit court, including appeals in criminal cases, this case was called, but appellant was not in the courtroom. His attorney was present, however, and announced that he was ready to take up the case on his demurrer to the affidavit and also, if necessary, to proceed with the trial on the facts in appellant's absence. It appears that appellant was in the courthouse town, but that his attorney had improvidently advised him that he need not remain at all times in the courtroom, and that, when the demurrer was taken up, he would send for appellant, thus giving him time to come into the courtroom while the demurrer was being argued.

It appears from the statement of the court, made a part of the record, that the court "took the position that

unless the defendant is here to prosecute his appeal the court is not required to hear the case at all."* The court thereupon dismissed the appeal with writ of procedendo, and later in the day, when the appellant personally appeared, the court refused to set aside the order.

The honorable Attorney-General confesses that, unless the case, Morris v. Tupelo, 129 Miss. 887, 93 So. 433, is to be overruled, the result here must be a reversal. That case is in point, and we see no reason to overrule it. A misdemeanor case brought·to the circuit court by appeal is there triable de novo, and the person charged has the same right to a trial by an appearance and defense through the agency of his attorney, and in the absence of the defendant personally, as he would have in a misdemeanor case originating in the circuit court by indictment.

Reversed and remanded.