## KENNARD *v.* STATE.

No. 41793 March 6, 1961 127 So. 2d 848

*R. Jess Brown*, Vicksburg, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

On September 29, 1959, appellant was convicted in Justice of the Peace Court on two charges: Reckless driving and possession of intoxicating liquor. Subsequent proceedings in the two cases were identical and we consider the two cases as one.

On September 29, 1959, appellant filed an appeal bond returnable "to the next term" of county court. When the next term of county court convened on October 12, 1959, an order for a writ of procedendo was entered directing the justice of the peace court to enforce the judgment. On the following morning, October 13, 1959, appellant filed his motion to set aside the order for writ of procedendo so that appellant could have a trial on the merits. The county court overruled the motion. Appellant appealed to circuit court where the county court's order was affirmed. Appellant then brought this appeal.

While not a decisive factor in the case, it should be stated that appellant and his attorney apparently understood the appeal was returnable to the November term of court.

The undisputed facts and the testimony of the circuit clerk and county attorney show the facts as next stated. Appellant read a newspaper article sometime during the week preceding October 12, 1959, indicating to him the case would come up during the October term of county court beginning October 12. He then went to the circuit clerk (who is also clerk of the county court) and inquired of the clerk when his case would be tried. The clerk told appellant he did not know the date of trial but that the

docket would be set at 10 o'clock Monday morning (October 12, 1959). According to the testimony of the county attorney, who prosecutes for the county and has control of the criminal docket of the court for the prosecution, appellant came to his office a few minutes before 10 o'clock on Monday, October 12, 1959, and the county attorney testified as follows: ''Then he ask me when his case would be tried. I told him I did not know exactly, that I thought the judge, or understood the judge, would have a jury next week, that it would be set though, yesterday (the testimony was being given the following day, October 13, 1959), and then he (appellant) said, 'Would I be notified,' and I told him, no, you will not be notified, but, whatever date your case should be set on, the clerk will mail a copy of the docket to your attorney, if you have an attorney of record.'' The county attorney testified that appellant then said, ''Well, then, my attorney will be notified.'' The county attorney then replied,'' .... that was the general practice, and that we are going to call the docket in a few minutes over there, and you go over there and sit in the courtroom and when your case is called, it will be set and then you will know yourself what date it will be on.'' Appellant then went to the circuit court room on the second floor of the courthouse and no one was there. Since he understood his attorney, who lived in another county, would be notified of the date of the trial, appellant left. The county court convened in the basement, and, as already stated, the writ of procedendo was ordered when the docket was called. The name of appellant's attorney did not appear on the county court docket.

The question in this case is whether the trial judge abused his discretion in refusing to set aside the writ of procedendo so that appellant could have a trial on the merits. The effect of the order for the writ of procedendo was to dismiss the appeal or enter a judgment by default. A number of cases has been decided involving

the same question in civil cases. We should consider those cases because the rule in procedural matters is no harsher than in civil cases. Cf. National Casualty Company vs. Calhoun, 219 Miss. 9, 67 So. 2d 908; Gortney v. City of New Albany, 171 Miss. 896, 158 So. 921.

This Court said in the early case of Yost v. Alderson, 58 Miss. 40, that, "It is argued that the cause shown was not good and sufficient; that mere inattention and forgetfulness cannot be a valid excuse for a failure to discharge a legal duty. This may be true when such inattention or forgetfulness has occasioned a failure which has been injurious to the adverse party, or the action of that party, based on such failure and caused by it, cannot be reversed without injury to him. But when the neglect is in the mere conduct of a suit, and its consequences do not operate injuriously, its condonation by the judge can do no harm except to deprive the adverse party of an advantage which he has secured in virtue of such neglect, and in that case the party guilty of the neglect should not on that account alone be deprived of the means and opportunity of maintaining or defending his rights. The object of the institution of courts is to administer justice according to law, and lawsuits are allowed for that purpose alone. Rules of procedure regulating the conducting of business in courts are instituted solely to facilitate these ends. They are necessary, and their due observance should be enforced by the courts. But it should not be forgotten that they are aids to secure the administering of justice, not shackles to bind courts to the perpetration of wrong. When their non-observance is in a trivial matter, working no injury to the adverse party and not materially impeding the due progress of the cause, the fault should be corrected. . . ."

In Tonkel v. Williams, 146 Miss. 842, 112 So. 368, this Court said that where no possible harm could come to plaintiff by having a trial on the merits, the court should not summarily deny a hearing simply because defend-

ant is caught unawares because of inadvertence or even wilful neglect of attorney where the case can be tried and disposed of in ordinary way at that term of court.

Citing other cases, this Court held in Alexander v. Hyland, 208 Miss. 890, 45 So. 2d 739, that the attitude of this Court has always been favorable to trials on the merits subject to certain limitations, and that where it appears that an application to set aside a default judgment tends to the advancement of justice, courts should the more readily incline to favor it.

Citing an earlier case, the Court, in Manning v. Lovett Motor Co., 228 Miss. 191, 87 So. 2d 494, said: "We realize the importance of the enforcement of the rules of procedure and practice in the courts, and that the law favors the diligent and is against the careless; and we appreciate the fact that the large discretion resting with the circuit judge in dealing with such questions before him should not be encroached upon, restricted, nor considered abused, unless it manifestly appears that the discretion exercised in any particular case was wrongful and resulted in injustice to a litigant. We do not think any fixed, ironclad rule can be safely adopted with reference to the setting aside of default judgments, but that the courts must look to the facts of the particular case, and if from the whole record the court can reasonably say that justice and right demand that the default judgment should be set aside and a trial had upon the merits, it should be done, and thereby bring about a result by trial on the merits of the controversy between the parties.

"Courts are instituted primarily for the purpose of determining disputes and controversies between litigants upon the merits of the case, and much liberality should be allowed toward that end. Of course, rules governing the practice and procedure in the courts must be established and maintained in order to bring about efficient and prompt administration of justice, and when such

rules are violated by litigants, in failing to appear and defend at the proper time when duly summoned, there should be proper and reasonable punishment for such negligence on the part of the litigant.

"Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits."

In a number of cases this Court has reversed the trial court for failure to reinstate an appeal from the justice of the peace court, or police court, when the appellant failed to appear because of inadvertence, mistake or misunderstanding, but nevertheless acted in good faith and promptly made a motion to have the appeal reinstated, and the State was not prejudiced. Morris v. City of Tupelo, 129 Miss. 887, 93 So. 453; Long v. State, 94 Miss. 230, 48 So. 726; Develling v. State, 97 Miss. 11, 52 So. 484; Judon v. State, 131 Miss. 560, 95 So. 521; Cannon v. State, 134 Miss. 805, 100 So. 8; McGowan v. State, 181 Miss. 42, 178 So. 594.

 █ The authorities are clear that this Court will not disturb the discretionary action of the trial court in dismissing an appeal when it appears that the appellant's failure to appear was due to wilful neglect, where he acted in bad faith, or otherwise trifled with the court, or where the State was prejudiced. But the facts in the present case show that appellant was not guilty of wilful neglect, bad faith, or that he trifled with the operation of the court; and it is manifest that the State was not prejudiced.

 Notwithstanding the fact that appellant's attorney did not appear on the return day of appellant's appeal, the appellant himself can hardly be said to have been neglectful in the matter. He went to the clerk who told him the docket would be set at 10 o'clock A.M., Monday. A few minutes before the convening of court, appellant talked to the county attorneys who told appel-

lant that his attorney would be notified when the case was to be tried, which was understood to be the following week. Under the circumstances, appellant was justified in believing that his attorney would be notified in accordance with the county attorney's statement. Moreover, the following morning the motion to set aside the order was made and heard. Since the jury was to be called for the following week, the motion to set aside the order for writ of procedendo was actually heard approximately a week before the case could have been heard on the merits. Consequently, the State was not inconvenienced, much less prejudiced, unless resistance to the motion itself be considered an inconvenience. The statement of the county attorney and that of the judge in his opinion clearly shows that the case would have been set and appellant's attorney notified if the name of the attorney had appeared on the docket. Conceding that it was the duty of appellant's attorney to request the clerk to put his name on the docket as attorney for appellant, this failure is too trivial a matter to justify the denial of a trial on the merits when both appellant and his attorney promptly appeared the following morning while the court was still in session and when no prejudice resulted to the State. We are, therefore, of the opinion that the overruling of appellant's motion was an abuse of discretion and the case is reversed for trial on the merits.

Reversed and remanded.

*McGehee, C. J.,* and *Arrington, McElroy* and *Jones, JJ.,* concur.