WALKER, Justice,
for the Court:
This is an appeal from the Circuit Court of the Second Judicial District of Yalobusha County, Mississippi, from an order of that court dismissing appellant’s appeal from a conviction in the municipal court of the City of Water Valley on the charge of disturbing the peace, and entering a writ of proceden-do which it declined to set aside, on proper motion, during the same term of court to-wit: January 1981.
After being convicted on March 24, 1978, in the municipal court of Water Valley, the appellant timely perfected her appeal to the July 1978 Term of the Circuit Court of the Second Judicial District of Yalobusha County. It is undisputed that Mrs. Sartain or her attorney met the calling of the docket at the July 1978 Term and each subsequent term thereafter until January 26, 1981, which was the first day of the regular January 1981 Term of court. The reason for appellant’s absence was that she was ill with the flu and unable to attend the docket call. Her case was called, and there being no one present to represent her, the court entered its order for a writ of proce-dendo and dismissed the appeal. Later during the day of January 26, 1981, appellant contacted the court and was informed that said order had been entered against her. She was further advised that if she was aggrieved by the court’s ruling,, to be present with her attorney on Friday, January 30, 1981.
On Friday, January 30, 1981, appellant and her attorney were present, whereupon she filed her motion for the court to set aside its prior order for writ of procedendo and dismissal, upon which motion a hearing was had. After hearing the assistant district attorney strenuously argue that Mrs. Sartain had not complied with the terms of her bond by not being present when the docket was called on January 26, 1981, the court denied appellant’s motion.
Mississippi Code Annotated section 99-35-1 (1972) provides as follows:
In all cases of conviction of a criminal offense against the laws of the state by the judgment of a justice of the peace, or by the mayor or police justice of a city, town or village, for the violation of an ordinance thereof, an appeal may be taken within forty (40) days from the date of such judgment of conviction to the circuit court of the county which shall stay the judgment appealed from.
On appearance of the appellant in the circuit court the case shall be tried anew and disposed of as other cases pending therein. (Emphasis added).
We are of the opinion that Mrs. Sartain’s argument that the circuit court abused its discretion in refusing to set aside its order of dismissal and for a writ of procedendo to issue to the municipal court of Water Valley is well taken. It is undisputed that Mrs. Sartain properly perfected her appeal to the Circuit Court of the Second Judicial District of Yalobusha County and met every term of court from the July 1978 return term with the exception of January 26, 1981, when Mrs. Sartain was sick and unable to attend court. During this period, Mrs. Sartain’s case was not set for trial and “disposed of as other cases pending therein” as provided by section 99-35-1. Moreover, after checking on her case on January 26, 1981, and learning that a writ of procedendo had been ordered, she timely filed a motion to have the order set aside.
We are of the opinion that Mrs. Sartain’s absence from the sounding of the docket on January 26, 1981, was justifiably explained and that under the facts presented by this record the court abused its discretion in not setting aside its order of dismissal and for a writ of procedendo to the municipal court of Water Valley. Mrs. Sartain was not guilty of willful neglect, bad faith or otherwise trifling with the court. See Kennard v. State, 240 Miss. 488 127 So.2d 848 (1961).
The judgment of the trial court dismissing the appeal of Mrs. Sartain and ordering a writ of procedendo to the municipal court of Water Valley is reversed; and this cause remanded to the Circuit Court for further proceedings not inconsistent with this opinion.
*45 REVERSED AND REMANDED TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and BOWLING, JJ., concur.
HAWKINS, J., took no part.