876 So.2d 409 (2003)
Nathaniel BURNETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01968-COA.
Court of Appeals of Mississippi.
December 16, 2003.
Rehearing Denied March 2, 2004.
Certiorari Denied July 6, 2004.
*410 Pearson Liddell, Louisville, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. A jury convicted Nathaniel Burnett of possession of cocaine. On appeal he argues that the trial court should have suppressed certain evidence, should not have admitted evidence about another offense, and should have entered a directed verdict. We find no error and affirm.

FACTS
¶ 2. On June 1, 2000, Nathaniel Burnett was driving at a high rate of speed in Oktibbeha County. He was pursued by Deputy Sheriff Roy Moore in a marked patrol car. Moore had been parked in a driveway alongside the road in order to investigate complaints about speeders. Officer Moore determined that Burnett's car was traveling more than the posted 45 miles per hour speed limit. Burnett refused to stop his car despite the pursuing marked law enforcement vehicle. At times Burnett exceeded 100 miles per hour in his efforts to escape.
¶ 3. Among the observed traffic offenses, Burnett was speeding and driving recklessly by weaving around equipment at a road construction area. It was at the construction location that Burnett finally *411 stopped. After having Burnett's driver's license checked at the sheriff's department, the officer learned of an outstanding warrant for Burnett's arrest for aggravated assault. He was arrested.
¶ 4. During the search of Burnett incident to the arrest, a plastic medicine bottle in the waistband of his pants was found. Later scientific testing revealed that the bottle contained cocaine.
¶ 5. Burnett was found guilty of possession of cocaine. This is his appeal.

DISCUSSION

Issue 1: Motion to suppress the evidence
¶ 6. Burnett claims that the medicine bottle found on him should have been suppressed as the product of an illegal traffic stop. A law enforcement officer has the authority to stop a motorist if the officer has probable cause to believe that the person is committing a traffic offense. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (proper to stop vehicle that was speeding). That Burnett was speeding was Officer Moore's reasonable conclusion based on what he observed before beginning the chase. He jokingly testified that, as Burnett went by, he thought a jet plane had passed. Moore pursued him, and the speeding continued and reckless driving began. That is probable cause to believe that traffic offenses were being committed in the officer's presence.

Issue 2: Introduction of felony warrant to explain defendant's arrest
¶ 7. The officer testified that after obtaining Burnett's driver's license, the officer went back to his car to call the sheriff's department and have a check performed on the license. He learned from that about an outstanding warrant for Burnett's arrest. He did not state the crime for which the warrant was issued. Burnett says that this was improper evidence of other bad acts.
¶ 8. Evidence that reveals other crimes may be presented in order to tell a rational and clear story of what happened if that is necessary to present the full story. Brown v. State, 483 So.2d 328, 330 (Miss.1986). In order to make a well informed decision regarding Burnett's guilt, the jury needed to understand the circumstances surrounding the search that discovered the cocaine. The trial court found that the information regarding the existing warrant was necessary to achieve this end.
¶ 9. The jury was made aware of a warrant for Burnett's arrest, but jurors were not informed of the specific reason for the warrant. This was an appropriate balancing of the probative value of the information and the possibly unfair prejudice that could result from it. M.R.E. 403. There was no error in allowing the jurors to learn that a previous arrest warrant was discovered.

Issue 3: Directed verdict
¶ 10. Burnett challenges the sufficiency of the evidence. At the close of the State's case in chief, Burnett moved for a directed verdict.
¶ 11. Our appellate review of this issue causes us to examine all the evidence and any inferences supportive of guilt in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The trial court's decision will be reversed only, if under such review, we find that no reasonable and fair minded juror could find the defendant guilty. Id.
¶ 12. Officer Moore had a reasonable basis to believe that Burnett was speeding when he started pursing him. Burnett was able to see the blue lights and hear *412 the siren, yet he continued to drive at a high rate of speed and drive recklessly while refusing to stop. Officer Moore lawfully arrested Burnett when he searched him and found cocaine. This was sufficient proof.

4. Venue
¶ 13. Burnett also claims on appeal that he was prosecuted in the wrong county. By statute, the jurisdiction of all offenses is in the county where the crime was committed. Miss.Code Ann. § 99-11-3(1) (Supp.2003). The pursuit started in Oktibbeha County and ended in Lowndes County. Burnett argues that the case should have been tried in Lowndes County.
¶ 14. Burnett raises this issue for the first time on appeal after never challenging it at trial. Venue can be waived. Here, it was. Williams v. United States, 582 F.2d 1039, 1041 (6th Cir.1978) (venue is "a privilege granted to the accused rather than a jurisdictional prerequisite, a conclusion which is consistent with the overwhelming case law holding that improper venue may be waived").
¶ 15. Moreover, the crime here was possession of a controlled substance. The evidence was that he did not obtain it at the end of the chase, but surely possessed the substance at the beginning, at the end, and at every point in between. Its discovery at the point that the chase ended does not dilute the inference that he must have possessed the substance when the chase began in Oktibbeha County. When two counties are involved in the commission of a crime, either county is a proper venue. Miss.Code Ann. § 99-11-19 (Rev.2000).
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $2,500 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.