MODIFIED OPINION ON MOTION FOR REHEARING
LEE, P.J.,
for the Court.
¶ 1. The appellant’s motion for rehearing is granted. The original opinion is withdrawn, and the following opinion is substituted therefor.
PROCEDURAL HISTORY
¶ 2. On October 16, 2008, Joseph Stanley McFarland was convicted in the Circuit Court of Forrest County of armed robbery. McFarland was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. On January 7, 2004, McFarland filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The circuit court never ruled on these motions. On March 2, 2004, McFarland filed a second motion for a new trial, as well as a notice of appeal.
¶ 3. This Court originally dismissed McFarland’s appeal for lack of jurisdiction. We found that McFarland had failed to file his motion for a JNOV or new trial within the ten-day requirement as prescribed by Rule 10.05 of the Uniform Rules of Circuit and County Court and failed to file a timely appeal according to Rule 4(a) of the Mississippi Rules of Appellate Procedure.
¶ 4. However, in his motion for rehearing, McFarland states that the Forrest County Public Defender’s Office was at *962 fault for failing to timely appeal. In fact, Jonathan Farris, assistant public defender, admits that William Ferrell, McFarland’s trial and appellate counsel who also works for the Forrest County Public Defender’s Office, inadvertently failed to timely file McFarland’s motion for a new trial as well as the notice of appeal.
¶ 5. This Court may, for good cause shown, and in criminal cases only, suspend the requirements of Rule 4. M.R.A.P. 2(c). An out-of-time appeal is granted by this Court “where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.” Jones v. State, 355 So.2d 89, 90 (Miss.1978). “We may suspend rules 2 and 4 “when justice demands’ to allow an out-of-time appeal in criminal cases.” McGruder v. State, 886 So.2d 1, 2(¶ 5) (Miss.2003) (quoting Fair v. State, 571 So.2d 965, 967 (Miss.1990)). It is clearly not McFarland’s fault that his appeal was untimely; therefore, we will suspend the rules and address the merits of McFarland’s appeal.
¶ 6. McFarland’s issues on appeal are as follows: (1) the trial court erred in denying his motion to suppress evidence; and (2) the trial court erred in denying his motion for a directed verdict and in refusing to grant a peremptory instruction.
FACTS
¶ 7. Around two o’clock on the morning of March 14, 2003, the Shell Finish Station in Hattiesburg, Mississippi, was robbed. An employee of the gas station, William Rushing, testified that a man brandishing a gun entered the store, pointed the gun at Rushing’s face, informed Rushing that it was a stick-up, and demanded money. Rushing handed the man money while the man grabbed some packs of Newport cigarettes. Rushing was told to get on the floor, where he remained for a few minutes. After the man left, Rushing locked the door then called the police and his manager. Rushing was able to give the police a description of the man, stating that he was a black male wearing a black jacket, black jeans and a black bandana around his face.
¶ 8. Charlie Reeves, a friend of Rushing, was also in the store at the time of the robbery. Reeves’s account of the robbery was similar to Rushing’s account. Reeves’s description of the robber was similar, except Reeves noted white stripes on the black jacket. Reeves also remembered seeing maroon on some of the man’s clothing. Reeves further stated that the man turned to leave but then came back to grab the cigarettes.
¶ 9. Rick Monday, the district supervisor for the gas station, arrived approximately thirty minutes after the robbery to view the in-store video surveillance tape. As he was viewing the tape, Monday identified Joseph McFarland as the man who robbed the store. McFarland had previously worked at the store and Monday knew him.
¶ 10. Around this same time, Officer Tony Fontaine of the Hattiesburg Police Department, witnessed a car run a stop sign. As Officer Fontaine pulled the car over, the occupant exited the car. As a precaution, Officer Fontaine approached the occupant and patted him down, finding a large lump which turned out to be approximately $200 in cash and two packs of Newport cigarettes. Officer Fontaine knew that there had recently been an armed robbery nearby. Officer Fontaine radioed Officer Jason Denham, who was at the gas station and had initially broadcast a description of the suspect, for a better description of the suspect. The descrip *963 tion of the suspect matched the man Officer Fontaine had pulled over as well as the exact items taken in the robbery, so Officer Fontaine took the man into custody. A gun was later found under some clothes on the backseat of the car. The man in custody was determined to be Joseph McFarland.
DISCUSSION
I. DID THE TRIAL COURT ERR IN DENYING MCFARLAND’S MOTION TO SUPPRESS EVIDENCE?
¶ 11. In his first argument on appeal, McFarland argues that there was no probable cause to search him or the car he was driving without a warrant. McFarland is under the impression that Officer Fontaine pulled him over based on a hunch then proceeded to illegally search the car. We must determine whether the trial court’s findings, considering the totality of the circumstances, are supported by substantial credible evidence. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999).
¶ 12. A police officer has the authority to stop a motorist if he believes that person is committing a traffic offense. Burnett v. State, 876 So.2d 409, 411(¶ 6) (Miss.Ct.App.2003). Furthermore, the officer may take precautions to ensure his personal safety. Dees v. State, 758 So.2d 492, 495(¶ 9) (Miss.Ct.App.2000). If, while taking these precautions, the officer sees contraband and arrests the motorist, he may then search the vehicle. Townsend v. State, 681 So.2d 497, 502 (Miss.1996).
¶ 13. Officer Fontaine testified that he saw McFarland’s car run a stop sign. Officer Fontaine also stated that after he pulled the car over, McFarland immediately exited the car. Officer Fontaine said that “[f]or officer safety, I patted him down.” The following exchange occurred between the State and Officer Fontaine during the suppression hearing:
Q: And did he, in fact, allow you to do that? [conduct a pat down]
A: He did.
Q: And what, if anything, did you find?
A: I felt a large lump of some type of material that I believed to be cigarettes and money in a jacket that he had on in the front pocket.
Q: I see. And when you felt that, what, if anything, did you do?
A: I asked him what it was. He said, my cigarettes and my money. At that time I knew we were out on an armed robbery call. I noticed that he fit the description. His vehicle fit the description, so I called an officer that was on the scene and asked him what was taken. He said about $200 and two packs of Newport cigarettes.
¶ 14. In his ruling denying McFarland’s motion to suppress, the trial court found that Officer Fontaine did have reason to stop the car for running the stop sign and that “the reasonable suspicion was developed as he [Fontaine] testified.... ” The trial court’s findings were supported by substantial credible evidence, thus we find no merit to this issue.
¶ 15. We note that McFarland erroneously believes that because Officer Fon-taine never issued a citation for the traffic violation then the stop was not valid. That is not the case. See McCollins v. State, 798 So.2d 624, 628(¶ 16) (Miss.Ct.App. 2001).
II. DID THE TRIAL COURT ERR IN DENYING MCFARLAND’S MOTION FOR A DIRECTED VERDICT AND IN REFUSING TO GRANT A PEREMPTORY INSTRUCTION?
¶ 16. In his other argument, McFarland argues that the trial court erred in denying his motion for a directed *964 verdict and in refusing to grant a peremptory instruction. McFarland claims that the evidence was insufficient for a conviction. “The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV are identical.” Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003). All challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The Court reviews the trial court’s finding regarding the sufficiency of the evidence at the time the motion for a directed verdict or peremptory instruction is overruled. Holloman v. State, 656 So.2d 1134, 1142 (Miss. 1995). “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 17. We find that there was sufficient evidence for the jury to find McFarland guilty of armed robbery. The store supervisor, Rick Monday, identified McFarland from the surveillance tape of the robbery. Both Rushing and Reeves identified the jacket that McFarland was wearing as the one the robber was wearing. Furthermore, McFarland was apprehended shortly after the robbery with the exact items, including the cigarettes and the money, stolen from the store as well as a gun in the backseat of the car he was driving. This issue is without merit.
¶ 18. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.