MAXWELL, J.,
dissenting:
¶ 28. Because the municipal court failed to notify Reeves he had been found guilty of fírst-offense DUI, I find his diligent efforts, upon learning of the conviction, were sufficient to timely perfect his appeal to the circuit court. Therefore, I respectfully dissent from the majority and would instead reverse the circuit court’s dismissal of Reeves’s appeal and remand the case to the circuit court to consider the merits of his appeal.
¶ 24. The record indicates Reeves’s attorney’s first hint that his client had been found guilty came by way of a notice dated February 3, 2009. This was neither a notice of conviction nor an order adjudicating guilt but instead a directive that Reeves pay a fine within ten days for his DUI conviction. Reeves’s attorney claims upon receiving the notice of fine, on February 18, 2009, he contacted the municipal clerk to confirm Reeves had been convicted. According to Reeves’s counsel, the clerk was unable to provide a date of conviction.
¶ 25. There is nothing to dispute Reeves’s assertion that he received this lone notice on February 13, 2009, a Friday. On Monday, February 16, his attorney sent two letters — one to the municipal clerk notifying her Reeves would not be paying the fine because he was filing a notice of appeal, and the other to the municipal court requesting a bond. The bond was issued March 2, and the next day, March 3, Reeves filed his notice of appeal and bond with the circuit court, within thirty days of learning of his conviction.
¶ 26. Our appellate courts will not disturb the discretionary action of a trial court in dismissing an appeal when it appears the appellant has shown willful neglect. Kennard v. State, 240 Miss. 488, 493, 127 So.2d 848, 850 (1961). But here, the undisputed facts establish that this is not a case of neglect or inaction on the part of trial counsel. Rather, all indications point to a failure by the municipal court to apprise Reeves that he had been convicted. This oversight by the municipal court was in turn followed by reasonable, diligent actions by Reeves’s attorney, calculated to preserve his client’s right to appeal.
¶ 27. The Mississippi Supreme Court has held it is an abuse of discretion for a circuit court not to reinstate an appeal from justice court where the facts show the “appellant was not guilty of wilful neglect, bad faith, or that he trifled with the operation of the court; and it is manifest that the State was not prejudiced.” Id.; see also Sartain v. State, 406 So.2d 43, 44 (Miss.1981) (reinstating appeal to the circuit court because defendant “justifiably explained” her failure to appear).
¶ 28. Although Kennard predates the adoption of Uniform Rule of Circuit and County Court 12.02, requiring a notice of appeal and bond be filed within thirty days of judgment to perfect an appeal, this court has recognized the circuit court’s decision to dismiss for failure to comply with Rule 12.02 is discretionary. Riley v. Town of Lambert, 856 So.2d 721, 723-24 (¶ ¶ 10-11) (Miss.Ct.App.2003).
¶ 29. I find the circuit judge abused his discretion in dismissing Reeves’s appeal as untimely based solely on evidence of a municipal court’s abstract showing a date of January 14, 2009, as the date of conviction. In considering the notice issue, the circuit court was clearly troubled that the municipal court file contained no evidence that Reeves had been convicted, let alone what date his conviction was entered. *330 Though the circuit judge eventually permitted the municipal prosecutor to supplement the record with the abstract, there is simply no indication that Reeves received notice of the conviction prior to February 3. And Reeves filed his notice of appeal and bond within thirty days of the February 3 notice. As in Kennard, there is no evidence Reeves’s March 3 notice of appeal was the product of willful neglect, bad faith, or trifling with the court. Further, the prosecution was not prejudiced, having participated in a full evidentiary hearing before the circuit court on the merits of Reeves’s appeal, after which, the circuit court adjourned and postponed its ruling before ultimately deciding it lacked jurisdiction to consider the appeal because it was untimely.
¶ 30. I find this case similar to City of Gulfport v. Saxton, 437 So.2d 1215 (Miss.1983). In Saxton, the issue was whether the circuit court had jurisdiction because Billy Saxton filed his motion to vacate the circuit court’s ruling after the court term in which it was issued had expired. Id. at 1216. “Without prior notice as to when the parties might expect a ruling, the Circuit Court on September 2, 1981, entered its order....” Id. But the parties did not receive actual notice of the order until October 15, 1981, after the previous court term expired October 2. Id. The circuit court decided the order “should be treated for all purposes as having been entered no earlier than October 16, 1981, and that all rights of the parties should be preserved the same as if the order had been entered on that date.” Id. On appeal, the supreme court rejected an argument that the circuit court lacked jurisdiction to consider the September 2 order, finding it “intolerable to subject Saxton to prejudice and the loss of the rights he has subsequently won because he took no action between September 2 and October 15.” Id. at 1217. Like Saxton, here Reeves “had every reasonable expectation that [he] would be notified by the court when a decision ... had been made.” Id. In reversing the circuit court’s finding that it lacked jurisdiction, our supreme court in Saxton reasoned, as I do here, that parties should not be required to “police the docket and fail to do so at their peril.” Id.
¶ 31. I acknowledge the comment to Rule 4 of the Mississippi Rules of Appellate Procedure — our counterpart to Uniform Rule 12.02 — notes the “[m]ere failure to learn of entry of the judgment is generally not a ground for showing excusable neglect. Counsel in a case taken under advisement has a duty to check the docket regularly.” M.R.A.P. 4(g) cmt. (Emphasis added). But even if Appellate Rule 4 governed, this general principle — that failure to learn of the judgment is not excusable neglect — should not apply under these circumstances. As the circuit judge noted, the municipal court record neither contained evidence of Reeves’s conviction, nor did it mention the date of conviction. So I have serious concerns about whether routine inquiries with the court would have led to the discovery of the conviction or the date on which the thirty days to appeal began to run.
¶ 32. The comment to Appellate Rule 4 recognizes Saxton and its contradictory position as an exception to the general rule. Id. Because I believe we are faced with a similar exception, Reeves should not be penalized for failing to act between January 14 and February 3. Under these circumstances, to take away his ability to appeal, “smack[s] of a violation of due process.” Saxton, 437 So.2d at 1217; see also McFarland v. State, 936 So.2d 960, 962 (¶ 5) (Miss.Ct.App.2006) (out-of-time appeal granted under Rule 4 “where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time *331 prescribed by law by the acts of his attorney or the trial court”).
¶ 33. For these reasons, I would reverse the circuit court’s decision that it had no jurisdiction to entertain the appeal from municipal court and would remand the case to the circuit court to consider the merits of Reeves’s appeal.
LEE, P.J., ISHEE AND CARLTON, JJ„ JOIN THIS OPINION.