# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00182-COA

GREGORY HULITT A/K/A GREGORY A. HULITT          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2023 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SANFORD E. KNOTT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR SARVER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/01/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1. Gregory Hulitt appeals the Madison County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR). On appeal, Hulitt argues the circuit court in Madison County was not the proper venue to adjudicate the charged offenses in the indictment to which he pled guilty. Finding no error, we affirm.

## FACTS

¶2. On March 27, 2019, Corporal Ryan Jungers of the Ridgeland Police Department was monitoring the northbound traffic on Interstate 220 in Madison County and observed the driver of a silver Toyota not wearing his seatbelt. Corporal Jungers began pursuit and eventually pulled over the driver, Hulitt, in a Target parking lot in Hinds County located near

Frontage Road and County Line Road.[1] During the stop, Corporal Jungers noticed marijuana residue on the passenger seat of the vehicle. After the search, Corporal Jungers found multiple types of controlled substances. Corporal Jungers provided four affidavits stating the incident occurred in the parking lot of Target in the city limits of Ridgeland in Madison County.

¶3. On November 19, 2019, a Madison County grand jury indicted Hulitt for one count of possession of more than ten grams but less than thirty grams of methamphetamine with intent to sell or distribute, one count of possession of less than two grams of fentanyl with intent to sell or distribute, one count of possession of heroin with intent to sell or distribute, one count of possession of less than two grams of cocaine with intent to sell or distribute, and one count of tampering with physical evidence. Hulitt was indicted as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2018). At the plea hearing on August 17, 2020, Hulitt pled guilty to possession of less than two grams of fentanyl with intent to sell and possession of less than two grams of heroin with intent to sell, as a nonviolent habitual offender. The circuit court accepted Hulitt's guilty plea as freely and voluntarily given and with a sufficient factual basis. Hulitt was sentenced to serve eight years for each count concurrently in the custody of the Mississippi Department of Corrections.

¶4. On August 16, 2023, Hulitt filed his PCR motion requesting relief from his convictions and sentences, arguing that the Madison County Circuit Court was without jurisdiction to adjudicate the charges brought against him in the indictment. The circuit court

---

[1] The north end of I-220 crosses the Madison County line leading into I-55 South toward Jackson, and I-55 South crosses County Line Road and Ridgeland's city limits.

2

dismissed Hulitt's motion, finding that although the stop occurred in Hinds County, the pursuit began along I-220 in Madison County. Hulitt filed a motion for reconsideration, which the court denied. Aggrieved, Hulitt appeals.

## STANDARD OF REVIEW

¶5.    "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Mallard v. State*, 395 So. 3d 1273, 1275 (¶5) (Miss. Ct. App. 2024).

## DISCUSSION

¶6.    Hulitt argues that the Madison County Circuit Court was not the proper venue for his guilty plea. Our appellate courts have held that "because venue is jurisdictional in criminal cases, the issue may be raised for the first time on appeal." *Azomani v. State*, 222 So. 3d 343, 347 (¶7) (Miss. Ct. App. 2016) (quoting *Rogers v. State*, 95 So. 3d 623, 630 (¶23) (Miss. 2012)). The Supreme Court also has held that although the argument can be raised for the first time on direct appeal, consideration of a claim for improper venue filed for the first time in PCR proceedings is not permitted. *Moreno v. State*, 79 So. 3d 508, 511 (¶11) (Miss. 2012); *see State v. Childs*, 309 So. 3d 1, 6 (¶18) (Miss. Ct. App. 2020) (holding that the circuit court abused its discretion by allowing a defendant to amend her PCR motion to include a venue claim that the court did not have jurisdiction over).

¶7.    Even if we were to consider the argument, Hulitt's improper venue claim also fails on the merits. In its order dismissing Hulitt's motion, the circuit court recognized that the

stop occurred in Hinds County, but the pursuit for the traffic violation commenced along I-220 in Madison County. It is undisputed that Hulitt was pursued for a seatbelt violation in Madison County and that the stop was proper. However, Hulitt maintains that because he was arrested for possession of controlled substances while he was in Hinds County, Madison County was an improper venue. The circuit court correctly pointed out in its order that "[w]hen two counties are involved in the commission of a crime, either county is a proper venue," quoting Mississippi Code Annotated section 99-11-19 (Rev. 2015). Additionally, the discovery of the controlled substances at the end of the pursuit in Hinds County does not dilute the inference that Hulitt must have possessed the substance when the pursuit began in Madison County. *See Burnett v. State*, 876 So. 2d 409, 412 (¶15) (Miss. Ct. App. 2003).

¶8.     Hulitt further argues that "[t]here was never a basis in fact that Hulitt possessed these substances in Ridgeland, Madison County, Mississippi despite the affidavits mistakenly alleging otherwise." This Court has held that the "failure to fully establish a factual basis during the plea colloquy is not necessarily reversible error; we look to the entire record to determine whether a factual basis exists." *Lewis v. State*, 48 So. 3d 583, 587 (¶8) (Miss. Ct. App. 2010) (citing *Drake v. State*, 823 So. 2d 593, 594 (¶5) (Miss. Ct. App. 2002)). The indictment here alleged that Hulitt committed the offenses in Madison County. After the State presented the factual basis during the plea colloquy, the circuit court asked Hulitt if he disagreed with the factual basis, to which he responded, "No, sir." Again, although the stop and arrest occurred in Hinds County, the pursuit began in Madison County, and "the evidence was that he did not obtain it at the end of the chase, but surely possessed the substance at the

4

beginning, at the end, and at every point in between." *Burnett*, 876 So. 2d at 412 (¶15).

Accordingly, we find this issue is without merit.

## CONCLUSION

¶9.     Finding no error in the Madison County Circuit Court's dismissal of Hulitt's PCR

motion, we affirm.

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND ST. PÉ, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**