GREGORY E. WILSON v. TOWN OF HANDSBORO.

1. CIRCUIT COURT PRACTICE. *Appeal from municipal court. Dismissal and writ of procedendo. Opportunity to defend.*

   Where a defendant was convicted in a municipal court of the violation of an ordinance and appealed to the circuit court, it will be error to dismiss the appeal and award a writ of *procedendo*, without having the defendant called and given opportunity to defend.

2. SUPREME COURT PRACTICE. *Appeal from a dismissal. What brought into review.*

   An appeal to the supreme court from the judgment of a circuit court, dismissing an appeal from a municipal court and awarding a writ of *procedendo*, does not bring into review a previous judgment overruling a demurrer to the affidavit upon which the prosecution was based.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Wilson, appellant, was convicted in the municipal court of Handsboro of violating an ordinance of the town, appealed to the circuit court and there demurred to the affidavit, charging, or purporting to charge the offense. His demurrer was overruled. Afterwards the circuit court dismissed his appeal and awarded a writ of *procedendo* to the municipal court, without calling him or giving him opportunity to defend. He appealed to the supreme court from the judgment of dismissal.

*E. M. Barber,* for appellant.

*George Butler,* assistant attorney-general, for appellee.

MAYES, J., delivered the opinion of the court.

The question of whether or not the court had the power to correct a former judgment overruling the demurrer, and in

lieu thereof enter a judgment sustaining same, is in no way involved in this appeal. The action of the court on that question is not brought in review by the appeal, since no appeal was ever prosecuted therefrom. The judgment appealed from is the judgment dismissing the case, with a writ of *procedendo* to the mayor's court. Before the court had the power to dismiss, and order the writ of *procedendo* to issue, it was necessary that appellant be called and given an opportunity to defend. The record nowhere shows that this was done. So far as the record shows, it appears that the court, without calling appellant's case for trial, dismissed the appeal, and issued a writ of *procedendo* to the court below, and in doing this we think the court erred. *Reversed and remanded.*