## INGRAM *v*. STATE.*

(Division A.    Oct. 6, 1924.)

[101 So. 380.    No. 24368.]

CRIMINAL LAW, *Circuit court's judgment dismissing appeal from justice' court held erroneous, for failure to show defendant's opportunity to prosecute appeal.*

Circuit court's judgment, dismissing defendant's appeal from judgment of conviction in justice court, with writ of *procedendo* to justice court, not showing that defendant was given opportunity to prosecute his appeal and present his defense, *held* erroneous.

*Headnote 1.   Criminal Law, 16 C. J., section 685 (1926 Anno).

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Virginia Ingram was convicted of petty larceny in justice court. From a judgment dismissing her appeal to the circuit court, she appeals. Reversed and remanded.

*J. B. Guthrie,* for appellant.

The appellant was tried in the justice court on a charge of petit larceny, and fined and given a sentence in jail.

An appeal bond was filed, perfecting the appeal to the next term of the circuit court of Sunflower county. At the March Term of said circuit court this appeal was dismissed by said court and the only record thereof is what appears on Minute Book No. 11, at page 399 in the following words: "Appeal dismissed with writ of *procedendo* to lower court."

It is assigned as error that the order dismissing this case does not show that the defendant was given an opportunity to be heard in the lower court, and that it is necessary for the record to affirmatively show that such opportunity was given; and for these reasons the order dismissing this case with writ of *procedendo* to the justice of the peace court was erroneous. *Wilson* v. *Town of Handsboro,* is directly in point and decides the only question arising on the record.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

In the light of the ruling announced in *Wilson* v. *Town of Handsboro,* 96 Miss. 376, 50 So. 982, and followed by the court in *Peacock* v. *State,* 95 So. 647, we do not care to do more than to submit the cause. We might call the attention of the court to the fact that the original record in the latter case reveals an order practically identical with the order of the lower court in the instant case. If the above cases are followed, the cause should be reversed and remanded.

HOLDEN, J., delivered the opinion of the court.

The appellant was convicted upon a charge of petty larceny in a justice court, from which she appealed to the circuit court, and the appeal was dismissed, with a writ of *procedendo,* as appears on the minutes of the court. The record does not show that the appellant was

called in the circuit court and given an opportunity to
defend against the charge before dismissal of the appeal.

It is contended that the lower court erred in dismissing
the appeal, with a writ of *procedendo* to the justice court,
without first having called the defendant, so that she
might have opportunity to prosecute her appeal and pre-
sent her defense, and that the judgment of the circuit
court failed to show the appellant was thus called before
her appeal was dismissed. The case of *Wilson* v. *Hands-
boro,* 96 Miss. 376, 50 So. 982, which was since followed
in *Peacock v. State* (Miss.), 95 So. 647, settles the ques-
tion in favor of the appellant, and therefore the judg-
ment of the lower court is reversed, and the case re-
manded.

*Reversed and remanded.*