JAMES *v.* STATE.

(Division A. Nov. 4, 1929.)

[124 So. 358. No. 28241.]

Goss & Goss, of Columbia, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted for having liquor in his possession in the court of a justice of the peace. The appeal to the court below was tried in the absence of the appellant, under section 1495, Code of 1906, Hemingway's Code 1927, section 1316; the appellant was again convicted and has brought the case to this court.

The judgment recites: "Comes the district attorney who prosecutes the pleas of the state and announces ready for trial, and the defendant, Shirley James being under bond for his appearance at this term of court to answer the state of Mississippi on an affidavit charging him with having in his possession intoxicating liquor, came not but wholly made default in his appearance as he was bound to do, and the court entered a plea of not guilty for him and the court proceeded with the trial in the absence of the defendant," etc. The appellant's contention is that he was not in default unless he was called before the court proceeded with his trial and failed to appear, and that this fact does not appear from the judgment, citing in support thereof Wilson v. Town of Handsboro, 96 Miss. 376, 50 So. 982; Peacock v. State (Miss.), 95 So. 647; Ingram v. State, 136 Miss. 291, 101 So. 380. It is true that a defendant in a criminal case who has been at large on bond must be called for his trial before he can be in default in not appearing therefor, but this judgment reflects that the appellant was so called. It is true that it contains no special statement to that effect, but it does set forth that "he came not but wholly made default in his appearance." This is an express adjudication by the court that he was in default,

and in the absence of competent evidence to the contrary we must presume that the adjudication was based on facts then occurring which support the judgment. The records in the cases cited by the appellants disclose that the judgments there merely dismissed the appeal without reciting the appellants' default in not appearing.

Affirmed.