## POOL *v.* STATE.

(Division A.   Oct. 19, 1936.)

[169 So. 886.   No. 32111.]

**D. W. Holmes** and **Hearst, Pittman & Pittman,** all of Hattiesburg, for appellant.

**Webb M. Mize**, Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

Appellant, Jim Pool, was tried in a justice of the peace court on a charge of grand larceny, and a judgment was entered finding him guilty, as charged, and sentencing him to pay a fine of fifty dollars and serve ninety days in jail, from which judgment he prosecuted an appeal to the circuit court. At a later term of the circuit court his appeal was dismissed with a writ of procedendo, the judgment of dismissal merely reciting that, "The appeal herein is dismissed with a writ of procedendo to the court below to enforce its judgment," and taxing the appellant with the costs of the appeal.

This judgment does not show that the appellant was called in the circuit court and given opportunity to prosecute his appeal and present his defense before the appeal was dismissed. It is well settled that, before a court has power to dismiss an appeal and order a writ of procedendo to issue, it is necessary that the appellant be called and given an opportunity to defend. Wilson v. Town of Handsboro, 96 Miss. 376, 50 So. 982; Peacock v. State (Miss.), 95 So. 647; Ingram v. State, 136 Miss. 291, 101 So. 380.

It is true that the record shows, in a separate order, that the appeal bond was, at some time, forfeited and a judgment nisi entered against the appellant and the sureties on his appeal bond, but that is not a sufficient showing that the appellant was called and given opportunity to defend before the dismissal of the appeal. As to the validity of the judgment entered in the justice of the peace court, we express no opinion.

The judgment of the court below overruling the motion to set aside the order of dismissal and reinstate the cause is therefore reversed, and the cause remanded.

Reversed and remanded.