MURPHY *v.* STATE.

No. 39505          February 28, 1955          78 So. 2d 342

*E. K. Windham,* Booneville, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was convicted in the justice of the peace court on a charge of the unlawful possession of liquor. He appealed to the circuit court. The case was first called in the circuit court on the second Monday of the term, and again on the following Saturday about 9:30 A. M. The appellant was present but his attorneys were absent. The court gave appellant time to get in touch

with his attorneys. One of appellant's attorneys came to the courtroom and announced that he was withdrawing from the case. The appellant's other attorney arrived in the courtroom about 11:00 A. M., and requested the court to give him some additional time to confer with the appellant. This was granted. About 11:30 A. M., appellant's attorney agreed he could be ready for trial by 1:00 P. M. and the court instructed the jury that they might go and to be back at 1:00 P. M. At 1:00 P. M., the prosecuting attorney, the judge, the jury, and the witnesses were present ready for trial, but neither appellant nor his attorney were present. The court waited until 1:20 or 1:25 P. M., when on motion of the State an order was entered dismissing the appeal and directing the clerk to issue a writ of procedendo directed to the justice of the peace court which tried the case, commanding him to proceed to the enforcement of the judgment. Before entering the order, appellant was called in open court, and a search made of the halls, but neither appellant nor his attorney was present.

The following Monday, appellant filed a motion to set aside the order of dismissal and to have the case restored to the docket for trial on the merits. This motion was overruled and appellant appeals here.

Appellant first contends that the lower court was without power to dismiss the appeal. He urges that under Section 1202, Mississippi Code of 1942, the only thing the court could do would be to deal with the case as any other misdemeanor case, that is, try the case in the absence as authorized by Section 2519, Mississippi Code of 1942, or enter a forfeiture on the bond; that the Circuit Court, on an appeal from a conviction in justice of the peace court, must deal with the case finally, and cannot issue a writ of procedendo directing the justice court to proceed to enforce the judgment. Appellant's counsel sums up his argument by paraphrasing a familiar verse as follows:

"When Humpty Dumpty has taken an appeal
From the J. P.'s unjust deal,
All the King's horses and all the King's men
Can't send Humpty Dumpty to the J. P. again."

Section 1202 gives the defendant a trial anew "on his appearance in the Circuit Court." Appellant did not appear when he should have. The Circuit Court followed the proper procedure. The defendant failed to prosecute his appeal, and he had no right to demand that the Circuit Court pass upon the question of his guilt. Henning v. City of Greenville, 69 Miss. 214; Hegwood v. State, 208 Miss. 517, 44 So. 2d 858. This has been the practice in the Circuit Courts for many years and is entirely consistent with the statutes. The writ of procedendo is simply a mandate to the lower court to execute the judgment.

Appellant assigns as error the action of the Circuit Court in overruling his motion to set aside the dismissal of the appeal and to have the case restored to the docket for trial. Even though appellant and his attorney appeared in court shortly after the appeal was dismissed, we are of the opinion that the trial judge did not abuse his discretion in overruling the motion. Courts should see that every man gets a trial on the merits if he is reasonably entitled thereto. But where the appellant or his attorney trifles with the court, no complaint may be made to procedure consistent with the orderly handling of the court's business. In this case, the court, jury, and prosecuting attorneys were ready from 9:30 A. M. until the appeal was dismissed at 1:25 P. M. After indulging the appellant and his attorney a half day's time, the judge was entirely justified in dismissing the appeal when he failed to appear. For us to hold that this was an abuse of discretion would be to tell litigants and attorneys that they may pay no attention to the trial judge as to the handling of his docket. The matter here involved was for the discretion of the trial judge. We would not be

justified in holding that there was an abuse of discretion. The contention that appellant and his attorney misunderstood the time that court would reconvene is without support on the facts.

The learned counsel who represents the appellant on this appeal was not the attorney referred to in the proceedings before the Circuit Court. Counsel now representing appellant was employed after the appellant's appeal was dismissed in the Circuit Court.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.