UNITED BONDING INSURANCE COMPANY *v.* STATE

No. 43542          May 17, 1965          175 So. 2d 182

*Noel W. Buckley,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

LEE, C. J.

This is an appeal by United Bonding Insurance Company from a judgment of the Circuit Court of Clarke County in the sum of $3,000.00.

The litigation arose in this way: Carl White, on February 1, 1964, gave bond in the sum of $3,000.00, with United Bonding Insurance Company as surety, to appear at the next term of the Circuit Court of Clarke County and there remain from day to day and term to term until discharged by law to answer the charge of false pretenses.

On March 10, 1964, the grand jury returned and filed a bill of indictment against White, charging him with grand larceny. On March 4, 1964, Dan M. Lee, an attorney, appeared in court as the counsel for White and, by written motion, sought to obtain a continuance of the cause for that term of court because of his inability, arising out of the conflicts with cases which he had in other courts, to be present at that time. The motion for continuance was overruled, and the cause was set for trial for Thursday, March 19, 1964.

On Tuesday night, March 17, 1964, White was stricken with a sudden attack of appendicitis at his home, just over the state line from the City of Corinth. He was removed to the hospital and advised by the attending physician that an operation was necessary. He requested the doctor to call the chief of police, Art Murphy, of Corinth, and get him to notify the authorities in Clarke County that he was in the hospital. He was placed under sedation that night, underwent the operation early the next morning, and remained in the hospital eight days. He then went home where he convalesced for two weeks.

Shortly thereafter he was arrested by his surety and taken to jail in Clarke County, where he was permitted to make a new bond in the amount of $7,500.00.

The record discloses that, in the meantime, when the case was called on Thursday, March 19, 1964, a default judgment, or judgment nisi, was declared on the bond of $3,000.00.

At the next term of court, on June 22, 1964, the defendant filed his motion with the Court to set aside the judgment nisi, setting up the reason for his failure to appear in explanation of his default. The reasons for his absence were established as stated above. The district attorney testified that counsel appeared for one of the joint defendants; and that after the judgment nisi was taken, one of the state witnesses informed him that White was in the hospital at Corinth, Mississippi. The sheriff of the county then called the sheriff in Corinth and inquired about this information, and the sheriff of Alcorn County went to the hospital and found that White was in the hospital as the result of an operation, performed on March 17th. The district attorney further stated that he had no information that the case would not be tried until ''about the time we walked in the courtroom, when one of the state witnesses said that 'White is in the hospital'.'' The district attorney also

stated that a lady, who was present, gave Sheriff Riley a doctor's statement about White's operation, but he, the district attorney, did not read it.

Mississippi Code Annotated section 2493 (1956) provides in part as follows:

Bail may, at any time before final judgment, surrender their principal, in vacation to the sheriff, or in open court, in discharge of their liability; but if this be done after forfeiture of the bond or recognizance, the breach of the bond or recognizance must be satisfactorily excused before the court, and all costs be paid by the bail, and such part of the bond or recognizance as the court orders; . . . .

In the case of Corn v. State, 250 Miss. 725, 168 So. 2d 304, (Miss. 1964), the Court, at page 306 thereof had this to say concerning the relief of sureties:

According to the overwhelming weight of authority in other jurisdictions, both state and Federal, the surety on an appeal bond is not entitled to be relieved of its obligation on such bond unless it can show that the performance of its undertaking has been rendered impossible or excusable (a) by an Act of God; (b) by an act of the obligee; or (c) by an act of law. State v. Pelley (1943), 222 N. C. 684, 24 S.E. 2d 635.

In the Corn case, *supra,* Corn, by other violations of the criminal laws in another state, had subjected himself to prosecution, conviction and sentence in that state, with the result that the sentence imposed in his jurisdiction could not be exacted for many years. Consequently it was held that the default was not by reason of an act of God, or an act of the obligee, or an act of law properly viewed, but by reason of his own voluntary act.

The opinion in State v. Pelley, cited *supra,* among other things, at page 637 thereof, said:

Where the principal in a bail bond dies before the day of performance or is prevented by illness from appearing, the case is within the first category.

In other words, the prevention of performance on account of illness is excusable as being the result of an Act of God. See also 8 Am. Jur. 2d, Bail and Recognizance, section 179, p. 880 (1963).

■ Undoubtedly the appellant was physically unable, because of the appendectomy to attend the court in compliance with the covenant of his bond. Besides, it appears that he made a bona fide effort to apprise the court of his physical inability to do so. His failure to appear must therefore be recognized as attributable to an Act of God, for which default, the surety should not be required to pay anything.

Consequently the cause must be reversed and judgment must be entered here for the appellant.

Reversed and judgment here for appellant.

*Ethridge, Rodgers, Patterson and Inzer, JJ.,* concur.