INZER, Justice:
Appellant Robert McCoy was convicted in a justice of the peace court in Leake County on three misdemeanor charges. He appealed his convictions to the Circuit Court of Leake County. The appeals were returnable to the regular November 1973 term of the court which began on November 12, 1973. On the first day of the term an order was entered in each case which reads as follows: “On motion of D. A. dismissed on writ of procedendo.”
After learning that these orders had been entered, appellant secured counsel and filed a motion to set aside the orders and reinstate his appeals. No action was taken on the motion during the term, but shortly after the circuit judge signed the minutes closing the term of court, an order was entered in vacation overruling the motions to reinstate the appeals.
After the appeals were perfected, we sustained a motion to consolidate the cases. The principal question to be decided on appeal is whether the orders dismissing appellant’s appeals were valid. We have consistently held that an order dismissing an appeal on a writ of procedendo which does not affirmatively show that the defendant was called in open court and thereby given an opportunity to prosecute his appeal constitutes reversible error. Pool v. State, 176 Miss. 514, 169 So. 886 (1936); Turner v. State, 178 Miss. 774, 174 So. 240 (1937); Ingram v. State, 136 Miss. 291, 101 So. 380 (1924); Wilson v. Town of Handsboro, 96 Miss. 376, 50 So. 982 (1910).
This would dispose of these appeals except for the fact that after appellant filed his brief in this Court the state filed a motion for a diminution of the record to bring up a bill of exceptions' granted by the trial court. We sustained the motion and granted certiorari. It appears from the bill of exceptions that five months after these appeals were perfected and after appellant’s brief was filed, the state without notice to the appellant presented a bill of exceptions to the trial court which the court signed. The purpose of this bill of exceptions was an attempt to have the record show that appellant was called in open court and failed to appear prior to the time the orders dismissing appellant’s appeals were entered. Consequently, the state now argues that the record affirmatively shows that appellant was actually called in open court and had an opportunity to prosecute his appeals but failed to appear. There are many reasons why this argument is without merit. In the first place, Section 11-7-207, Mississippi Code 1972 Annotated, requires bills of exceptions to be tendered and signed during the term of court, except as to a bill of exceptions to judgments overruling motions for a new trial and such bill of exceptions must be presented to the judge for his signature within ten days after the term of the court, or such further time as *511 the court may allow not exceeding sixty days. Assuming that the state is entitled to a bill of exceptions, it is apparent this bill of exceptions was taken long after the term expired and could not properly be a part of the record on appeal. Furthermore, what the state is attempting to do by the bill of exceptions is to amend the orders actually entered by the trial court during the term. This cannot be done by a bill of exceptions.
Since the orders dismissing the appeals involved are invalid, the appeals are still pending in the trial court and we have no alternative other than to reverse these cases and remand them to the circuit court in order that appellant’s appeals may be heard.
Reversed and remanded.
GILLESPIE, C. J., and ROBERTSON, WALKER and BROOM, TT., concur.