KING, P.J.,
for the Court:
¶ 1. Wayne Ferrell, Jr. (Ferrell) was convicted in the justice court of Stone County, Mississippi, of two counts of driving his vehicle in excess of the posted speed limit. Ferrell appealed these convictions to the Stone County Circuit Court. When he failed to appear for trial, the court, upon motion of the State, issued writs of procedendo. Aggrieved by these actions, Ferrell has appealed and raised for this Court’s review the following issues:
I. Whether the circuit court abused its discretion by ordering a writ of procedendo, which: (I) resulted in procedural error by failing to conduct a trial de novo as required by the Mississippi Uniform Circuit and County Court Rules, and (2) *319 violated appellant’s rights under Amendment VI of the United States Constitution and Article 3 § 26 of the Mississippi Constitution; and
II. Whether the circuit court abused its discretion in denying appellant’s motion for continuance which resulted in manifest injustice to the appellant.
¶ 2. Finding no reversible error, this Court affirms.
FACTS
¶ 3. On February 25, 1997 and November 16, 1997, Ferrell received speeding tickets in Stone County, Mississippi. The cases were consolidated, and after several continuances, the matter was heard by the justice court of Stone County on October 12, 1998, where Ferrell was found guilty.
¶ 4. On November 12, 1998, Ferrell filed notice of appeal of both convictions to the Circuit Court of Stone County, Mississippi. On December 18, 1998, notice was given that this matter was set for a trial de novo on February 22, 1999. On February 22, 1999, the State appeared and announced ready for trial. Ferrell failed to respond or appear. When Ferrell failed to appear, the State requested a writ of procedendo. The circuit court attempted three times to ascertain whether Ferrell was present. When it was determined he was not present, an order was entered, which directed the issuance of a writ of procedendo. This writ was issued by the clerk on March 9, 1999.
115. On March 18, 1999, Ferrell filed a motion to set aside the order of February 22, 1999 and the resulting writ of proce-dendo entered March 9, 1999. The motion was granted by the circuit court on April 27, 1999. By agreement of counsel, this matter was then set for trial on June 21, 1999.
¶ 6. Prior to the June 21, 1999 trial date, Ferrell filed a motion to continue the trial date. An agreed order of continuance was entered on June 21, 1999, setting the cases for trial on October 18, 1999. At the June 1999 term, Ferrell was represented by Attorney Andre F. Ducote.
ISSUES AND ANALYSIS
I.
Whether the circuit court abused its discretion by ordering a writ of proce-dendo, which: (1) resulted in procedural error by failing to conduct a trial de novo as required by the Mississippi Uniform Circuit and County Court Rules, and (2) violated appellant’s rights under Amendment VI of the United States Constitution and Article 3 § 26 of the Mississippi Constitution.
¶ 7. Ferrell contends that he was entitled to a trial de novo, and that without the benefit of any testimony, the court erroneously denied him this right on October 18, 1999. A writ of procedendo is issued by a court of superior jurisdiction to a court of inferior jurisdiction to enforce the lower court’s judgment. Pool v. State, 176 Miss. 514, 515, 169 So. 886, 887 (1936).
¶ 8. Under the Mississippi Rules of Circuit and County Court Practice 12.02 (C), appeals from the justice court proceed as follows:
The appeal shall be a trial de novo. In appeals from justice or municipal court when the maximum possible sentence is six months or less, the case may be tried without a jury at the court’s discretion. The record certified to the court on appeal from the lower court is competent evidence. However, no motions may be allowed which deprive the accused of the right to a trial on the merits. Amend *320 ments will be liberally allowed so as to bring the merits of a case fairly to trial.
¶9. A trial de novo should have been conducted on appeal and was in fact scheduled for October 18, 1999. See McGowan v. State, 181 Miss. 42, 45, 178 So. 594, 595 (1938) (stating that a misdemeanor case brought to the circuit court by appeal is there triable de novo, and the person charged has the same right to a trial by an appearance and defense through the agency or his attorney). Ferrell was not present on the scheduled trial date. Where an appellant fails to appear when he should have, and the circuit court follows the proper procedure, appellant has no right to demand that the circuit court pass upon the question of his guilt. Murphy v. State, 223 Miss. 290, 293, 78 So.2d 342, 344 (1955).
¶ 10. Before a court has power to dismiss an appeal and order a writ of procedendo to issue, it is necessary that the appellant be called and given an opportunity to defend. Pool v. State, 176 Miss. 514, 515, 169 So. 886, 887 (1936). The entry of an order dismissing the appeal by writ of procedendo which does not affirmatively show that the defendant was called in open court and thereby given an opportunity to prosecute his appeal is reversible error. Id. In this matter, the circuit court thrice called Ferrell’s name in open court. ■ Only after Ferrell thrice failed to respond was the writ ordered.
The authorities are clear that this Court will not disturb the discretionary action of the trial court in dismissing an appeal when it appears that the appellant’s failure to appear was due to wilful neglect, where he acted in bad faith, or otherwise trifled with the court, or where the State was prejudiced.
Kennard v. State, 240 Miss. 488, 127 So.2d 848, 850 (1961).
¶ 11. It is incumbent upon a party requesting a continuance to be sure it is granted before he chooses to absent himself. URCCC 2.03; Stidham v. State, 750 So.2d 1238 (¶ 13) (Miss.1999). If he does not do so, he bears the burden of persuading the trial court that good reason exists for this failure. He assumes this burden of persuasion at his own risk.
¶ 12. While good cause may include the attendance to other obligations, McGhee v. State, 657 So.2d 799, 803 (Miss.1995), the trial court is not required to arrange its docket solely for the convenience of the defendant. Harrington v. State, 336 So.2d 721, 724 (Miss.1976); Murphy, 223 Miss, at 293, 78 So.2d at 344. This is particularly true when the trial court has attempted without success to accommodate the defendant. McLemore v. State, 669 So.2d 19, 27 (Miss.1996).
II.
Whether the circuit court abused its discretion in denying appellant’s motion for continuance which resulted in manifest injustice to the appellant.
¶ 13. “The decision to grant or deny a continuance is left to the sound discretion of the trial court, and this Court shall not reverse for the denial of a continuance unless it appears that manifest injustice resulted from the denial.” Buckley v. State, 772 So.2d 1059(¶2) (Miss.2000); Stidham v. State, 750 So.2d 1238, 1242 (Miss.1999) (collecting authorities). The record reflects the following chronology of events:
11/16/98: notice of appeal to circuit court received
12/18/98: notice filed setting trial for February 22,1999
02/22/99: Ferrell did not appear on the scheduled trial date
*321 02/22/99: order filed, remanding to lower court under writ of procedendo
03/09/99: writ of procedendo issued
03/18/99: motion to set aside order and writ of procedendo or motion for reconsideration filed by Ferrell
04/27/99: motion granted to set aside writ of procedendo
04/29/99: motion and order to continue to June 21,1999 filed
06/18/99: motion for continuance filed by Ferrell
06/21/99: agreed order of continuance to October 18,1999 filed
08/19/99: order setting aside writ of pro-cedendo filed
09/15/99: letter from Ferrell requesting a copy of the order of continuance and notification of the next scheduled trial date
09/24/99: Ferrell filed objection to the State of Mississippi’s motion for protective order; filed objection to the trial setting of October 25, 1999; filed a motion for protective order prohibiting the State of Mississippi’s counsel from unilaterally setting motions and trials; and filed a motion for continuance of the September 29, 1999 hearing and trial setting of October 25, 1999
09/28/99: order setting aside order of February 22,1999 filed
10/18/99: Ferrell did not appear on the scheduled trial date
10/18/99: order denying motion for protective order and motion for continuance filed; order filed returning* to lower court under writ of procedendo
11/04/99: writ of procedendo filed
¶ 14. Having reviewed the information presented in the record, this Court is of the opinion that Ferrell was given opportunities to have this matter presented to the court and was given several continuances. Accordingly, we find no manifest injustice resulting from the denial of this continuance.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY OF CONVICTION OF SPEEDING AND FINE OF $98 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR. THOMAS, J., NOT PARTICIPATING.