IRVING, P.J.,
for the Court:
¶ 1. On August 31, 2002, the Lafayette County Justice Court convicted John Beasley of driving under the influence (DUI) and speeding. Beasley appealed to the Lafayette County Circuit Court and requested a trial de novo. His request was granted. However, the trial date was reset several times over a period of nearly ten years, without a trial ever occurring in the circuit court. On March 16, 2012, the circuit court entered a writ of procedendo and remanded the case to the justice court for enforcement of the justice court’s judgment. Beasley filled a motion to set aside the writ, which the circuit court denied. Feeling aggrieved, Beasley appeals and argues that the court erred in issuing the writ of procedendo.
¶ 2. Finding that the circuit court erred in issuing the writ, we reverse the circuit court’s order denying Beasley’s motion to set aside the writ and remand this case for further proceedings.
FACTS
¶ 3. Beasley was convicted in the justice court of DUI and speeding. After Beasley appealed to the circuit court, the circuit court set the case for trial on August 29, 2003. However, the case was not tried on that date and, thereafter, was continued multiple times, most of which were at the behest of the county prosecutor. On February 23, 2007, the circuit court issued a writ of procedendo, but later issued an order reinstating the appeal, finding that the issuance of the writ was error, and placing the case back on the circuit court’s docket for trial on December 12, 2008.
¶ 4. Beasley and -his counsel failed to appear for trial on December 12, 2008, and the circuit court issued a second writ of procedendo. Beasley filed a motion to reinstate the appeal to the active docket, and the circuit court granted the motion reinstating the appeal, finding that the case was erroneously remanded to the justice court and that Beasley and his counsel’s failure to appear on December 12, 2008, was through no fault of their own. Over the next three years, the trial was reset *1063 three more times,[1] with the last trial setting being scheduled on January 9, 2012, for March 16, 2012. As will be discussed in more detail later in this opinion, Beasley failed to appear for trial on March 16, and the circuit court issued a writ of proceden-do.
•¶ 5. Again, Beasley filed a motion to set aside the writ, asserting that the county prosecutor, Bela J. Chain, was not responsive to Beasley’s attorney’s request for a continuance from the March 16, 2012 date to April 3, 2012; that the court administrator, Sue Blankenship, assured his attorney that if he sent a motion and order for a continuance to her, she would present it to the judge; that his attorney told him that he did not have to appear on the March 16 date; and that upon calling the clerk’s office on March 16, his attorney found out that the case had been disposed of by a writ of procedendo. The motion further stated that the only remedial action that could be taken was to reinstate the appeal and set the case for trial.
¶ 6. Beasley attached to his motion an email that his attorney sent to Chain on March 1, 2012, indicating that he wanted to reset the case for April. To corroborate his assertion that Blankenship told him to send his motion and order for a continuance to her, he presented evidence that both documents were sent to Blankenship and Chain on March 14, 2012, via overnight mail, two days before the March 16 trial date. Beasley also presented tracking information that indicated that the postal service attempted to deliver the documents on the morning of March 15 to • both Blankenship and Chain, but there was no authorized recipient available to accept the mail for either Blankenship or Chain. The tracking information confirmed that the documents were delivered to Blankenship and Chain on March 16 at 9:10 a.m. and 10:10 a.m., respectively.
¶ 7. Chain admitted in his response to Beasley’s motion to set aside the writ of procedendo that defense counsel tried contacting him and left multiple messages for him at his office. Chain also insisted in his response that “no meeting of the minds was ever going to be reached as [it] relate[d] to the agreement of this Prosecutor [for] a continuance[.]” After a hearing on the motion, the circuit court denied Beasley’s motion.
¶8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. Beasley argues that the circuit court did not have jurisdiction to issue a writ of procedendo because once he perfected his appeal, the justice court’s judgment was vacated and “there was no standing judgment to which the writ of procedendo would apply.” Beasley further argues that even if the circuit court did have jurisdiction to issue the writ, it made no finding consistent with state or federal law citing an appropriate reason for entering the writ in his absence. “A writ of procedendo is issued by a court of superior jurisdiction to a court of inferior jurisdiction to enforce the lower court’s judgment.” Ferrell v. State, 785 So.2d 317, 319 (¶7) (Miss.Ct.App.2001) (citing Pool v. State, 176 Miss. 514, 515, 169 So. 886, 887 (1936)). The Mississippi Supreme Court has stated:
The authorities are clear that [the appellate court] will not disturb the discre *1064 tionary action of the trial court in dismissing an appeal when it appears that the appellant’s failure to appear was due to wilful neglect, where he acted in bad faith, or otherwise trifled with the court, or where the [prosecution] was prejudiced.
Id. at 320 (¶ 10) (quoting Kennard v. State, 240 Miss. 488, 493, 127 So.2d 848, 850 (1961)).
¶ 10. Here, Beasley had appealed his justice court conviction to the circuit court, a court of superior jurisdiction. Contrary to Beasley’s assertion, the justice court’s judgment was not vacated as a result of his simply filing an appeal. Therefore, the circuit court had jurisdiction to issue the writ of procedendo. However, on the unique facts of this case, we find that the court erred in issuing the writ.
¶ 11. Almost immediately upon receipt of the order setting the case for trial on March 16, Beasley’s counsel contacted the staff attorney for the presiding judge to inquire about a continuance because he had a conflict with the trial date. The staff attorney told Beasley’s counsel to contact the county attorney, Chain, to coordinate a resetting of the case. Beasley first made personal contact with Chain on February 6 in an attempt to get the case dismissed, or, failing that, to get a continuance. Chain advised that Beasley’s counsel needed to talk with the Mississippi State Highway Patrol trooper involved in writing the DUI ticket, which Beasley’s counsel did on the afternoon of February 6. The trooper “informed him that he[2] would have to discuss the dismissal with [Chain].” Beasley’s counsel did not hear anything further from either the trooper or Chain. On February 28, 2012, Beasley’s counsel again attempted unsuccessfully to contact Chain. Over the next ten days, he continued to attempt to contact Chain seven times, without success. Because Beasley’s counsel was unable to contact Chain, on March 12, he contacted the presiding judge and explained his situation. The presiding judge advised him to contact Blankenship. Beasley’s counsel spoke with Blankenship the next day. She told him to send her a motion for a continuance, along with an order, and she would present them to the judge. As stated, Beasley’s counsel overnighted the motion and order to Blankenship on March 14.
 ¶ 12. While Beasley failed to appear on the day that his case was set for trial, the record reflects that his failure to do so was not due to wilful neglect or an act of bad faith. Further, there is no evidence that he trifled with the court or that the prosecution was prejudiced. In fact, the record shows that Beasley and his attorney made a good faith effort to appear on the previous court dates and did not wilfully refuse to appear in court on March 16, 2012. Based on Beasley’s counsel’s conversation with the presiding judge and the judge’s court administrator, we find that Beasley’s counsel could reasonably assume that he would be granted a continuance of the trial setting after he sent the motion and order to the presiding judge’s court administrator.[3] Accordingly, on the unique facts of this case, we find that the circuit court erred in issuing the writ of procedendo and the judgment of the circuit court must be reversed and the case remanded for further proceedings.
*1065 ¶ 13. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND JAMES, JJ., CONCUR. BARNES AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT. FAIR, J., NOT PARTICIPATING.

. The record does not inform us as to whether the case was not tried because of a conflict with the court’s docket or because of a request for a continuance from one of the parties.

. It is not clear whether the "he” refers to the trooper or to Beasley’s counsel.

. We note that the writ of procedendo issued on March 16, 2012, was signed by Judge Andrew Howorth. However, the judge to whom the case was assigned, and the judge with whom Beasley’s counsel spoke on March 12, was Judge John Gregory.