# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-01387-COA

BRANDEN P. KEOGH A/K/A BRANDEN          APPELLANT
KEOGH A/K/A BRANDEN PATRICK KEOGH

v.

STATE OF MISSISSIPPI          APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2013 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHANIE L. MALLETTE |
| ATTORNEY FOR APPELLEE: | CAROLINE CRAWLEY MOORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | DISMISSED APPEAL AND ISSUED A WRIT OF PROCEDENDO |
| DISPOSITION: | AFFIRMED - 03/31/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     On February 11, 2010, the Starkville Municipal Court found Branden Keogh guilty of simple assault. Keogh appealed his conviction to the Oktibbeha County Circuit Court but failed to appear for his trial on January 24, 2011. Upon a motion by the City of Starkville (City), the circuit court entered an order for a writ of procedendo on January 24, 2011, to dismiss the appeal and remand the case to the municipal court for enforcement of the municipal court's judgment. On August 15, 2013, Keogh filed a notice of appeal with this Court, asserting that the circuit court erred by issuing the writ of procedendo. Keogh now

asks this Court to reverse the circuit court's denial of his motion to reconsider and to remand the matter for a trial de novo. Finding no error, we affirm.

**FACTS**

¶2. Following his simple-assault conviction in municipal court, Keogh filed an appeal to the circuit court on March 10, 2010, for a trial de novo. After several continuances, all unresolved matters related to Keogh's case were scheduled for trial in circuit court on January 24, 2011. When Keogh failed to appear for trial on the scheduled date, the City raised an ore tenus motion for the circuit court to dismiss Keogh's appeal and issue a writ of procedendo. On January 24, 2011, the circuit court entered an order granting the City's motion and remanding Keogh's case to the municipal court for enforcement of that court's judgment.

¶3. After the circuit court remanded his case, Keogh failed to appear in municipal court on the scheduled date for imposition of the judgment against him. On October 25, 2011, the municipal court judge entered a complaint against Keogh for default and for failure to appear. The complaint ordered Keogh, who was in abstentia and in default, to pay "$7,154.04 in unpaid fines, assessments, and/or restitution[.]" After Keogh's failure to pay the ordered amount, the municipal court judge issued an arrest warrant for Keogh. Starkville police officers served Keogh the warrant in Georgia and transported him back to Mississippi on April 19, 2012.

¶4. On October 9, 2012, over a year and a half after the circuit court's dismissal of his

appeal and almost a year after the municipal court's imposition of the judgment against him, Keogh filed a motion in circuit court titled "Motion to Set Aside Writ of Procedendo and Other Relief." The circuit court judge found that Keogh's matter constituted a criminal case controlled by Rule 12.02 of the Uniform Rules of Circuit and County Court. As reflected in the circuit court judge's order, Rule 12.02(B)(1) states in part that, "[i]f the defendant fails to appear at the time and place set by the court, the court may dismiss the appeal with prejudice and with costs and order forfeiture of the appearance bond or cash deposit."

¶5.	Based upon his review of Mississippi caselaw and statutory law, the circuit court judge determined that he possessed the authority to issue a writ of procedendo when a defendant failed to appear and prosecute his appeal. The circuit court judge noted that "Keogh's case was set for trial on January 24, 2011[,] at 9 a.m. as indicated by the 'notice of trial setting' filed by the circuit court administrator." The circuit court judge further stated that Keogh was called in open court three times but failed to appear and defend his case. As a result, the circuit court judge found that the January 24, 2011 order dismissing Keogh's appeal and issuing the writ of procedendo was proper. The circuit court judge therefore denied Keogh's "Motion to Set Aside Writ of Procedendo and Other Relief."

¶6.	Keogh filed another motion requesting that the circuit court judge reconsider his denial of Keogh's "Motion to Set Aside Writ of Procedendo and Other Relief." However, the circuit court judge subsequently denied Keogh's motion for reconsideration. Aggrieved by the circuit court's decision and its denial of his motion to reconsider, Keogh now appeals

3

to this Court.

**DISCUSSION**

¶7.     Although Keogh admits that he failed to appear in circuit court for his appeal and trial de novo, he still argues to this Court that the circuit court judge erred by issuing a writ of procedendo and denying him a trial de novo.  Keogh asserts that the circuit court judge "should have issued an arrest warrant for his failure to appear[] and proceeded against his appearance bond if and until [Keogh] could be apprehended to face trial [for] simple assault." Keogh therefore asks this Court to set aside the writ of procedendo and to remand his case for a trial de novo.

¶8.     In its order entered on January 24, 2011, the circuit court not only issued a writ of procedendo but also dismissed Keogh's appeal.  Upon its dismissal of Keogh's appeal and remand of the case for enforcement of the municipal court's judgment, the circuit court lost jurisdiction of the matter.  In addressing the arguments now raised by Keogh, we first acknowledge that Keogh failed to assert a timely appeal regarding the circuit court's dismissal of his appeal from municipal court. *See* M.R.A.P. 4(a).  We also acknowledge that Keogh failed to timely file any post-trial motions following the dismissal of his case. *See* M.R.A.P. 4(d)-(e).  Instead, the record reflects that Keogh waited until almost a year after the municipal court's imposition of the judgment against him to file his motion to set aside the writ of procedendo and his related motion to reconsider.

¶9.     As stated, Keogh's current appeal from the circuit court's denial of his motion to

4

reconsider was filed well after time expired for him to timely appeal the circuit court's dismissal of his appeal and its remand of his case for enforcement of the municipal court's judgment. Therefore, to the extent that Keogh's arguments attack the circuit court's dismissal of his appeal, we decline to address those arguments since Keogh failed to timely appeal the dismissal. *See* M.R.A.P. 4(a). Since Keogh failed to file a timely motion and instead filed the instant motion well after imposition of the judgment of the municipal court, the circuit court possessed no jurisdiction to grant his requested relief, and his untimely motion was moot.

¶10. In the instant appeal, Keogh argues before this Court that the circuit court erroneously issued a writ of procedendo. "A writ of procedendo is issued by a court of superior jurisdiction to a court of inferior jurisdiction to enforce the lower court's judgment." *Ferrell v. State*, 785 So. 2d 317, 319 (¶7) (Miss. Ct. App. 2001) (citing *Pool v. State*, 176 Miss. 514, 515, 169 So. 886, 887 (1936)). "Where an appellant fails to appear when he should have, and the circuit court follows the proper procedure, [the] appellant has no right to demand that the circuit court pass upon the question of his guilt." *Id.* at 320 (¶9) (citing *Murphy v. State*, 223 Miss. 290, 293, 78 So. 2d 342, 344 (1955)). "Before a court has power to dismiss an appeal and order a writ of procedendo to issue, it is necessary that the appellant be called and given an opportunity to defend." *Id.* at (¶10) (citing *Pool*, 176 Miss. at 515, 169 So. at 887). "The entry of an order dismissing the appeal by writ of procedendo which does not affirmatively show that the defendant was called in open court and thereby given an

5

opportunity to prosecute his appeal is reversible error." *Id.*

¶11.    This Court has further stated:

> The authorities are clear that [the appellate court] will not disturb the discretionary action of the trial court in dismissing an appeal when it appears that the appellant's failure to appear was due to wilful neglect, where he acted in bad faith, or otherwise trifled with the court, or where the State was prejudiced.

*Id.* (quoting *Kennard v. State*, 240 Miss. 488, 127 So. 2d 848, 850 (1961)). *See also* URCCC 12.02(B)(1) ("If the defendant fails to appear at the time and place set by the court, the court may dismiss the appeal with prejudice and with costs and order forfeiture of the appearance bond or cash deposit.").

¶12.    We now turn to an application of relevant caselaw to the facts of the present case. The facts surrounding the circuit court's grant of the writ of procedendo reflect that, after several continuances, Keogh's trial was eventually scheduled for January 24, 2011. When the circuit court judge called Keogh's case on January 24, 2011, Keogh could not be located in the courthouse. Keogh's attorney informed the circuit court judge that Keogh was in town and on standby for the trial. However, Keogh's attorney stated that she would need a few minutes to call Keogh and get him to the courthouse. The circuit court judge agreed to this plan and allowed a recess.

¶13.    Following the recess, the circuit court judge instructed the bailiff to go to the hallway outside the courtroom and call Keogh's name one more time. After the bailiff informed the circuit court judge that there was no response, the City made a motion for a writ of

6

procedendo to remand the case to municipal court for enforcement of that court's judgment. The circuit court judge granted the City's motion and entered an order for the dismissal of Keogh's appeal and the issuance of a writ of procedendo.

¶14. Upon review of this matter, we find that evidence in the record supports the circuit court's decision to issue a writ of procedendo and remand Keogh's case for enforcement of the municipal court's judgment. As required by Mississippi caselaw, Keogh was given an opportunity to prosecute his appeal before the circuit court issued the writ of procedendo. *See Ferrell*, 785 So. 2d at 320 (¶¶9-10). As the record reflects, and as the circuit court's order specifically noted, Keogh was called in open court three times but failed to appear. Pursuant to Rule 12.02(B)(1), the record also reflects no abuse of discretion by the circuit court in dismissing Keogh's appeal following Keogh's failure to appear for trial.

¶15. Because we find no basis existed upon which the circuit court could grant relief, and because we find no abuse of discretion, we affirm the circuit court's denial of both Keogh's motion to set aside the writ of procedendo and his motion for reconsideration. Accordingly, this assignment of error lacks merit.

¶16. **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**