# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KM-00257-COA

**BARRY W. GILMER A/K/A BARRY WADE GILMER**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:           12/10/2021
TRIAL JUDGE:                HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:  MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     CYNTHIA ANN STEWART
ATTORNEY FOR APPELLEE:      PAMELA L. HANCOCK
NATURE OF THE CASE:         CRIMINAL - MISDEMEANOR
DISPOSITION:                AFFIRMED - 01/16/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND LAWRENCE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. The Madison County Justice Court convicted Barry Gilmer of willfully discharging a firearm toward a dwelling and disturbing the peace. Gilmer appealed his conviction to the County Court of Madison County, but he failed to appear for his trial de novo. Upon motion by the City of Madison (City), the county court entered an order dismissing Gilmer's appeal and remanding the case to the justice court for enforcement of the justice court's judgment.

¶2. Gilmer appealed to the circuit court, which affirmed the county court's judgment. Gilmer again appealed. Finding no error, we affirm.

## FACTS

¶3. In December 2018, Gilmer was convicted in justice court of the willful discharge of

a firearm toward a dwelling in violation of Mississippi Code Annotated section 97-37-30 (Rev. 2014) and disturbing the peace in violation of Mississippi Code Annotated section 97-35-15 (Rev. 2014). The justice court sentenced Gilmer to serve twelve days in the Madison County jail for his willful-discharge conviction and six months in the Madison County jail for his disturbing-the-peace conviction. The sentencing order reflects that Gilmer's six-month sentence would be suspended pending Gilmer's good behavior.

¶4. In January 2019, Gilmer filed a notice of appeal to the county court for a trial de novo.[1] In August 2019, the county court entered a scheduling order setting the date of Gilmer's jury trial for February 24, 2020. On January 22, 2020, the county court entered an order rescheduling the trial date for February 27, 2020. The next day, Gilmer filed a motion to alter the scheduling order and requested additional time to comply with discovery. The City filed a response opposing Gilmer's motion. The county court judge then emailed Gilmer and the City to set a date and time for a motion hearing and pre-trial conference. The county court judge indicated that he would rule on Gilmer's motion and any other pending motions at the hearing.

¶5. On February 6, 2020, Gilmer emailed the county court judge and explained that he had been involved in a lengthy trial in the Hinds County Chancery Court, and as a result, he had "not had enough time to pay proper attention" to the county court matter. Gilmer attached

---

[1] The record reflects that Gilmer is an attorney and represented himself in the proceedings below.

2

to his email a motion to continue the trial. The county court's docket does not reflect that this motion was filed with the court.

¶6. On February 10, 2020, Gilmer again emailed the county court judge and informed him that he was hospitalized with pneumonia. In order to accommodate Gilmer's medical needs, the county court judge set the pre-trial conference for February 19, 2020. The county court judge emailed Gilmer and the City regarding the scheduling change, and the judge advised the parties that "[a]ny motion by [Gilmer] to continue the motion hearing on February 19th or the trial on February 27th will need to be supported by an affidavit in support from an attending physician along with a copy of Mr. Gilmer's hospital discharge summary."

¶7. Two days before the pre-trial conference, Gilmer emailed the county court judge and the City and stated that he would be unable to attend the conference. Gilmer explained that he had recently been released from the hospital and had been bedridden "except for appearing at [his] office . . . to attend to urgent matters."

¶8. On the day of trial, the City appeared and announced that it was ready to proceed. However, Gilmer failed to respond or appear. The county court judge called Gilmer's name three times and attempted to ascertain if Gilmer was present. The county court judge also referenced his scheduling order and confirmed that no confusion existed regarding the date and time of trial. Approximately seventeen minutes after the trial was scheduled to begin, the county court judge received an email from Gilmer stating that he was in the hospital and would be unable to appear for the trial. The City then moved to dismiss Gilmer's appeal and

3

remand the case to the justice court for execution of Gilmer's sentence, explaining, "[T]hat is what we have done in other [similar] matters." The county court granted the motion.

¶9. On March 4, 2020, the county court entered its order dismissing Gilmer's appeal and remanding the case to the justice court for sentencing. The order explained that Gilmer

> failed to cooperate with the [s]cheduling [o]rders in this matter, specifically pertaining to discovery, motions, jury instructions, a status pre-trial conference and motion hearing, and most importantly, by failing to appear at the appointed time and place for the jury trial, all at great expense and inconvenience to the parties and the court.

The order also stated that Gilmer "sent informal emails to the court asserting various illnesses and court conflicts, and though ordered by the court to do so, repeatedly failed to produce documentation supporting same."

¶10. On March 12, 2020, Gilmer filed a motion for reconsideration.[2] Gilmer attached approximately 100 pages of materials as exhibits to the motion, including his medical records, an affidavit from his treating physician, and various motions that he claimed were filed prior to trial.[3] The affidavit from Gilmer's treating physician is dated February 19, 2020, and states that Gilmer was hospitalized for pneumonia and was discharged on February

---

[2] The record reflects that although this motion does not appear on the Mississippi Electronic Courts (MEC) docket, neither party disputes that it was filed.

[3] Gilmer attached the following motions to his motion for reconsideration: an undated Motion to Exhibit Scene to Jury, an undated Motion to Continue, an undated Motion to Alter Scheduling Order, and a Motion to Dismiss dated February 18, 2020. No file stamp appears on these motions. On August 21, 2020, Gilmer filed a motion in the circuit court requesting that the clerk complete the record and include these motions. Gilmer stated that these motions were filed on March 12, 2020.

11, 2020. Gilmer attached his medical records to the affidavit, which reflect that he was admitted to the hospital on February 9, 2020, and discharged on February 11, 2020. The medical records reflect that Gilmer was instructed to follow up with his physician on February 19, 2020. Gilmer's medical records indicate a possible hospital admission on February 27 (the day of trial) through February 28, 2020, but Gilmer failed to provide an affidavit from a treating physician to confirm any hospitalization on these dates.

¶11. On March 17, 2020, before the county court had entered any ruling on Gilmer's motion for reconsideration, Gilmer filed a notice of appeal to the circuit court. On December 10, 2021, the circuit court entered an order affirming the county court's judgment and remanding the case for execution of Gilmer's sentence. The circuit court acknowledged that Gilmer had filed a motion for reconsideration in the county court and then a notice of appeal in the circuit court. The circuit court stated that because Gilmer filed his notice of appeal prior to the county court's consideration of his motion for reconsideration, the county court thereafter lacked jurisdiction to consider the evidence in the motion or rule on it. The circuit court explained that it "cannot now consider the merits of . . . [the] motion for reconsideration because this [c]ourt can only consider what is in the record." Gilmer then filed a motion for reconsideration or rehearing, which the circuit court denied.

¶12. Gilmer now appeals.[4]

---

[4] The record reflects that although the circuit court's order denying Gilmer's motion for reconsideration was filed on January 20, 2022, it was not entered in MEC until February 11, 2022. The record contains an order entered by this Court explaining that Gilmer's

5

**DISCUSSION**

¶13. On appeal, Gilmer admits that he failed to appear in the county court for his appeal from justice court and trial de novo. However, he argues that the county court erred by dismissing his appeal and remanding the case.

¶14. The Mississippi Supreme Court has held that before a court may dismiss an appeal and remand the case to the court below to enforce its judgment, "it is necessary that the appellant be called and given an opportunity to defend." *Pool v. State*, 176 Miss. 514, 169 So. 886, 887 (1936). An order entered by a court dismissing the appeal and remanding the case to the lower court for enforcement of the lower court's judgment must "affirmatively show that the defendant was called in open court and thereby given an opportunity to prosecute his appeal." *Ferrell v. State*, 785 So. 2d 317, 320 (¶10) (Miss. Ct. App. 2001). Failure to do so is reversible error. *Id*. On appeal, "this Court will not disturb the discretionary action of the trial court in dismissing an appeal when it appears that the appellant's failure to appear was due to wilful neglect, where he acted in bad faith, or otherwise trifled with the court, or where the State was prejudiced." *Id*. (quoting *Kennard v. State*, 240 Miss. 488, 127 So. 2d 848, 850 (1961)).

¶15. Gilmer maintains that his illness and resulting hospitalization constitute a force majeure, or an Act of God, justifying his absence from trial. In support of his assertion, he cites *United Bonding Insurance Co. v. State*, 252 Miss. 428, 433, 175 So. 2d 182, 184 (1965),

March 11, 2022 notice of appeal from the circuit court's judgment was timely filed.

where the supreme court held that "the prevention of performance on account of illness is excusable as being the result of an Act of God." In that case, a defendant developed appendicitis two nights before his trial and needed an immediate operation. *Id*. at 431, 175 So. 2d at 183. The defendant asked his doctor to contact the chief of police and ask the chief to notify the authorities that he was in the hospital. *Id*. On the day of trial, the defendant sent someone to provide the sheriff with a doctor's statement regarding his operation. *Id*. However, because the defendant was out on bond and failed to appear at trial, the trial court entered a judgment against the defendant's surety. *Id*. The surety appealed, and upon review, the supreme court found that the defendant "made a bona fide effort to apprise the court of his physical inability" to be present for the trial. *Id*. at 433, 175 So. 2d at 184. The supreme court accordingly held that the defendant's "failure to appear must therefore be recognized as attributable, to an Act of God, for which default, the surety should not be required to pay anything." *Id*.

¶16.    In the present case, a transcript reflects that on February 27, 2020, the day of trial, the county court judge repeatedly called Gilmer's name and attempted to determine whether Gilmer was present. Approximately seventeen minutes after the trial was scheduled to begin, the county court judge received an email from Gilmer stating that he had been admitted to the hospital and would be unable to attend the trial. In his email, which is in the record before us, Gilmer did not state how long he had been in the hospital, but he indicated that his doctor had conducted tests on him the previous day. Gilmer assured the county court judge

7

that "[m]edical records are being sent to you with an [a]ffidavit from one of my treating physicians." Despite Gilmer's assurance, and despite the court's pre-trial instructions to Gilmer that any motion to continue the trial would need to be supported by an affidavit from an attending physician and supporting medical records, Gilmer did not provide the court with these documents until March 12, 2020—nearly two weeks later. Furthermore, Gilmer's medical records and affidavit fail to clearly verify that Gilmer was hospitalized on the day of trial.[5]

¶17. In his email, Gilmer also informed the judge that he would "attempt to file" a motion for a continuance as soon as possible, and he referenced a prior motion for a continuance. The record shows that on February 6, 2020, Gilmer emailed the county court judge and the City regarding his request for a continuance. Gilmer attached his motion for a continuance to the email. The county court's docket does not list this document as a filed motion. However, the county court judge indicated that he would rule on Gilmer's pending motions at a pre-trial conference on February 19, 2020. Nonetheless, Gilmer failed to appear at the pre-trial conference.

¶18. This Court has held that "[i]t is incumbent upon a party requesting a continuance to

---

[5] In his appellate brief, Gilmer asserts that because he is an attorney, his email to the county court judge on February 27, 2020 "constitutes his word as an officer of the Court." In support of this assertion, Gilmer cites *In re Fox*, 296 So. 2d 701 (Miss. 1974), an appeal of a disbarment proceeding. Other than stating that members of the Mississippi State Bar, "by virtue of their oath and office[,] are officers of the court," this case does not support Gilmer's argument that his email constitutes a sworn statement sufficient to excuse his absence from trial. *Id*. at 702.

be sure it is granted before he chooses to absent himself." *Ferrell*, 785 So. 2d at 320 (¶11). "If he does not do so, he bears the burden of persuading the trial court that good reason exists for this failure. He assumes this burden of persuasion at his own risk." *Id*. This Court has explained that "[w]hile good cause may include the attendance to other obligations, . . . the trial court is not required to arrange its docket solely for the convenience of the defendant," especially "when the trial court has attempted without success to accommodate the defendant." *Id*. at (¶12) (citing *McLemore v. State*, 669 So. 2d 19, 27 (Miss. 1996)). The record contains an undated motion to continue that was attached as an exhibit to Gilmer's March 12, 2020 motion for reconsideration. It is unclear if this is the same motion that Gilmer attached to his February 6, 2020 email. In this motion, Gilmer does not state that he is seeking a continuance due to illness or hospitalization; rather, he asserts that he is seeking a continuance "because of extraordinary trial obligations, inclement weather[,] and the State's refusal to permit examination of the Atwood premises and other failures to provide material discovery."

¶19. After our review, we find that the evidence before us supports the county court's decision to dismiss Gilmer's appeal and remand his case for enforcement of the justice court's judgment. Both the transcript and the county court's order reflect that the judge called Gilmer's name numerous times before ascertaining that Gilmer failed to appear and ultimately dismissing the appeal and remanding the case. *See Keogh v. State*, 179 So. 3d 1151, 1154 (¶15) (Miss. Ct. App. 2015); *Ferrell*, 785 So. 2d at 320 (¶10). Accordingly, we

9

find no abuse of discretion by the county court in dismissing Gilmer's appeal and remanding his case for enforcement of the justice court's judgment. We therefore affirm the decision of the circuit court, which affirmed the decision of the county court.

¶20. **AFFIRMED.**

**BARNES, C.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**